Wash, X,
delivered the opinion of the Court
This was an action of covenant, instituted by English in the Court below. When the cause was called for trial,.a.-witness who had been regularly subpcenaed by the plaintiff not appearing, an attachment was applied for and obtained, returnable to the next term, off said- Court;- and' a motion was, therefore, immediately made for a continuance- of said cause, to await the return of the attachment,, on an affidavit by plaintiff’s attorney, that the witness was material for the-plaintiff;; that no. other, to the best of the knowledge and. belief of the de-. ponent could- prove the same factsthat a subpcena had been, duly served upon said, witness before the commencement of the term;; and that,, in.the belief of the deponent, the- testimony and attendance of said witness might be had-at the en-. suing term of said Court, &c. The Circuit Court refused to continue the-cause, and. the plaintiff thereupon suffered' a nonrsuit, and then moved to have said non-suit set aside, and the cause-continued to the-next term of said Court, on the affidavit of the. said English, stating the facts deposed to by his attorney, in his affidavit for a continue anee;, and further,.that said; witness was not- absent with his.consent or. connivance,, and that he had a meritorious cause- of action against said, defendant, who was indebK ed to him a considerable sum of money, &c. The Circuit Court refused' also, the-motion to set aside the non-suit and continue the cause j to reverse which judgment.. *561 of non-suit, and the decision of said Circuit Court, on the motion to set aside the non-suit, the plaintiff now prosecutes this writ of error..
Two questions have been submitted for the consideration of this Court.-
Eirst. Will a writ of error lie on a judgment of non-suit ?
Second. If so, was the discretion of the Circuit Court, in granting and refusing, continuances, exercised soundly in refusing the continuances in this cause ?
The 3d section of the 5th article of the Constitution provides, that the Supreme Court shall have a general superintending control over all inferior Courts of law, and that it shall have power to issue writs of habeas corpus-, mandamus, quo warranto, certiorari, and other original remedial writs. The 45th section of “An Act to regulate proceedings at law,” Rev. Code, p. 633, provides, that writs of error, on the final decision or judgment of the Circuit Court, shall issue on demand, &c. It is believed, that the Legislature neither have, in terms, nor ever intended, by the provision of the act above recited, to abridge the appellate power of this Court. If no mode in any case had been prescribed, this Court would have been bound to exert its power, under the Constitution, of controlling the proceedings of inferior Courts, in such mode or by such writs, as would have been most convenient and proper j and it doth seem to this Court, that the writ of error is the most convenient process that could be used. In deciding the second question, we should look to the state of facts, as they are presented in the first affidavit only. Why sue out an attachment returnable-to the ensuing term ? For aught appears to this 'Court, it might have been served,, and the witness brought forthwith into Court: to entitle a suitor to a continuance, am affidavit of the party, or his agent, must set forth, the facts upon which the applica-tion is made ; and from the facts so disclosed, the Court must see that he has good-cause to claim the indulgence asked for. The Circuit Court has a laige discretion to exercise, and it must appear to this Court, from the facts presented, that it has exercised that discretion unsoundly. It should have been shown, that the plaintiff applied as soon as he could, under the law, for the aid of the Court in obtaining his testimony, and that the witness lived at such a distance, or was absent under such, circumstances, as to forbid the reasonable belief that he could have been brought in on an attachment forthwith j if the facts were otherwise, (and this Court is not precluded from concluding that they were,) the Circuit Court did right to refuse the continuance. An attachment in itself is no ground for a continuance. Where it is taken in due season, returnable forthwith, under circumstances that justify the belief that the witness maybe brought in during -the term, the Circuit Court will, doubtless, either continue the cause, or have it postponed to await the return of the attachment. This must be the meaning .of that rule on the subject which provides, that no cause shall await the return of an attachment, &e. Attachments go.in all cases, where witnesses have been summoned- and fail to appear, when they are shown to be material upon the application of the .party for whom they have been subposnaed; but no continuance shall he granted to either party, unless for good cause shown, by an affidavit setting forth the facts, &c.
The facts in this 'cause were insufficient to entitle the plaintiff to a continuance, and the Circuit Court did right in refusing the motion. Its judgment is affirmed, with costs.