MARTIN v. HAYS.

Where the circuit court grants a new trial, the correctness of their judgment in so doing, cannot be reviewed by a writ of error, until the cause is finally disposed of in the court below.

ERROR to the circuit court of Montgomery county.

U. Wright, for plaintiff:

This was an action of debt, brought by Martin against Hays. Verdict and judgment for plaintiff. The defendant moved for a new trial, and the court granted it. The error assigned is, that the court improperly granted a new trial. Since the case of Johnson and Thompson, decided by this court, in 3 vol. Mo. Decisions, it is too late to question whether the improperly granting a new trial be error. As to the period when the error should be corrected, it seems clear that it ought to be done before a second trial. A final judgment for the plaintiff has been set aside by the court, improperly, as he alleges. If this court shall think so, it will enter a final judgment in the cause in his favor.

The question which this court has to determine, is the propriety of that final judgment.

If, as is said by the court in the cause just cited, "encouragement is given to the use of the writ of error, as the most convenient, and least exceptionable mode" of exercising the appellate and controlling powers of this court; and "if the better doctrine be, that the party injured by the granting or refusal to grant a new trial, should seek redress by writ of error, in order that this court may place him on the ground he was compelled to abandon, or not permitted to occupy;" can it likewise be right to wait until the parties have shifted positions, and occupy different posts, before they shall be ordered by this court to march to their true or original stations?

The idea of waiting for a second trial to urge objections to the *first*, can derive no support from the reason or policy of the law.

C. Wells, for defendant:

The defendant in error contends that the writ of error will not lie in this cause; because it appears from the record that there has been no final judgment in the cause —see Statutes of Mo. page 518. This judgment appealed from was not thought by the court below to be final, for the cause was continued until the next term. There are periods in the year in which the circuit court holds two terms between the terms of this court. Some of the circuit courts are sitting while this court is in session; and in cases where there has been no supersedeas, it might happen that this court would be trying the cause on the writ of error while the circuit court was progressing with the new trial, or even after a new trial had resulted in a decision in favor of the plaintiff in error; a confusion which the legislature certainly never intended should have an existence.

EDWARDS, Judge, delivered the opinion of the court.

Martin brought an action of debt against Hays. Verdict and judgment were for plaintiff. Defendant moved for a new trial. The court granted it. To the decision of the court in granting a new trial the plaintiff excepted, and sued out his writ of error. The defendant now moves this court to dismiss the writ of error in this case, "because there has been no final judgment or decision of said cause in the circuit court."

The plaintiff relies on the case of Johnson v. Thompson, decided by this court, 3 Mo. D. In this case the court decided, that where the circuit court refuses, improperly, to set aside a nonsuit, or where a judgment of nonsuit well taken is improperly set aside, where a continuance has been improperly refused, or a new trial improperly refused or granted, the party injured may seek redress in this court. When the facts are properly preserved in such cases, this court can see whether the circuit court has exercised its discretion soundly. If that has not been done, we have the means of redressing the wrong by reversing the judgment, and placing the parties upon the grounds they were compelled to abandon, or were not permitted to occupy. Grant what is here said by the court, it still remains to be determined at

*Where the circuit court grants a new trial, the correctness of their judgment in so doing, cannot be reviewed by a writ of error, until the cause is finally disposed of in the court below.*

AUG. TERM,
1837.

Martin v. Hays.

what time the party injured shall be permitted to seek his redress by writ of error.

The first section of the act to regulate practice in the supreme court, provides, that "writs of error upon any final judgment or decision of any circuit court, in all cases, are writs of right." The writ of error in this case was sued out upon the decision of the circuit court in granting a new trial. Was this a final decision? A final decision would divest the court of any further control over the case. It would dismiss the cause from court. Did the court divest itself of further control over the case by granting a new trial? Did this decision dismiss the case from court? Clearly not. When the verdict was set aside the cause stood upon its original ground— open for trial. Then it was not finally decided, but was still pending. The writ of error was taken before a final judgment or decision was rendered in the case; and therefore, improperly.

The motion of the defendant is sustained. The writ of error is dismissed.