JUNE TERM,
1838.

Howell v. Pitman.

---

## Newton Howell v. Richard B. Pitman.

A writ of error will not lie on a judgment of non-suit. The plaintiff should move to set it aside, and if the motion should be overruled, take his bill of exceptions; by this means the case may be properly brought into the appellate court.

*W. M. Campbell*, counsel for plaintiff in error:

1. The only question for this court now to decide is, whether the circuit court erred in excluding said survey, and all evidence, written and parol, in relation thereto? Plaintiff contends that the circuit court erred in making that decision; and that, if the survey was returned, examined, approved and certified by the surveyor general, it was sufficient to make it competent testimony to go to the jury. Copies of such plats and surveys are made legal evidence by Rev. Stat. of Mo. p. 251, sec. 6. The other authorities cited by the counsel for plaintiff in error are, act of Congress, 4th July, 1836; Rev. Stat. of Mo. p. 251, sec. 6; Treaty of Cession; Geyer's Digest, p. 459, sec. 3—481, sec. 1—452, sec. 1—460, sec. 2—463, sec. 1; U. S. Land Laws, 637, sec. 5.

2. A non-suit, such as that suffered in the present case, virtually terminates the case, and a writ of error does properly lie; and it would be an idle form for the plaintiff to file a motion to set aside such non-suit, which was caused by the act of the court immediately preceding. Authorities cited to sustain this point are, Mo. Dec. vol. 1, p. 780—vol. 2, p. 195—vol. 3, pp. 339, 359—vol. 4, p. 358; John. Rep. vol. 7, p. 373.

*E. Bates,* counsel for defendant in error:

1. The question was one of locality merely, and the deputy surveyor expressly disavows the use of his own judgment in fixing the locality.

2. The locality by this survey, if fixed by the written order of the surveyor, Mr. Dunklin; and the production of the order, was indispensable to show whether the survey in fact conforms to the confirmation and concession.

3. It does not appear that it was the duty, or even the right, of the public surveyor to survey this land—Act of Congress, 29th April, 1816; Clark's Land Law, p. 698.

4. But if it were his duty, he must survey the land granted and confirmed, and none other. Here the survey is arbitrary as to place, and in its form is against the uniform requirements of the Spanish regulations and the laws of Congress, which require the rectangular shape, so much in front and so much in depth.

EDWARDS, Judge; delivered the opinion of the court:

Howel brought an action of ejectment against Pitman for a tract of land in St. Charles county. Pitman pleaded the general issue. On the trial, a witness on the part of the plaintiff proved that he had surveyed the land in dispute; in conformity to an order in writing from the surveyor general at St. Louis; which authority he returned to that office with his survey. Defendant's counsel moved the court to exclude from the jury all evidence, parol and written, in relation to the survey, unless a copy of that order from the surveyor general should be produced; and this motion was sustained by the court. After the exclusion of the copy of the survey, and the evidence in relation thereto, the plaintiff excepted to the opinion of the court, and suffered a non-suit; and now brings his writ of error to reverse the decision of the circuit court.

But one question arises on this state of the case, that is, will a writ of error lie on a judgment of non-suit? By the first section of the act regulating practice in the supreme court, it is provided that "writs of error upon any *final judgment or decision* of any circuit court, in all cases, are writs of right." Has there been a final judgment or decision of the circuit court in this case? A non-suit, voluntarily suffered by the party himself, is not a final judgment or decision of the court, but is a mere act of the party himself, and must always be voluntary, that is, by the plaintiff's counsel submitting to the same, or not appearing; and in no case can it be adverse, or

JUNE TERM, 1838.

Howell v. Pitman.

A writ of error will not lie on a judgment of non-suit. The pltf. should move to set it aside, and if the motion be overruled, take his bill of exceptions; by which means the case may be properly brought within the appellate court.

without implied consent—3 Chit. Prac. 910—and therefore it will not form the basis of a writ of error.

The correct practice now seems to be this: the party suffering a non-suit must move the court to set it aside, and in discussing this motion all the points involved in the case will be brought under the review of the court. If the motion to set aside the non-suit be overruled, then the party may take his bill of exceptions, reserving the points and the evidence, and may sue out his writ of error on the decision of the court in overruling the motion to set aside the non-suit. The decision of the circuit court, by which this motion is overruled, has been considered a decision finally disposing of the cause; and, therefore, from this decision, the writ of error will lie—English v. Mullanphy, 1 Mo. Rep. 780; Collins v. Bowman, 2 Mo. Rep. 195; Johnson v. Strader & Thompson, 3 Mo. Rep. 359. The judgment of the circuit court ought, therefore, to be affirmed, and the other judges concurring, it is affirmed.