ATKINSON, Plaintiff, v. LANE, Defendant.

A writ of error will not lie on a judgment of non-suit; but the party must move to set aside the non-suit, and preserve the evidence and proceedings in the cause in a bill of exceptions.

Error to the St. Louis Court of Common Pleas.

LAWLESS for Plaintiff.

GEYER for Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

Atkinson instituted his suit in the court of common pleas against Lane. After the jury was empannelled and sworn, the plaintiff declared that he would not further prosecute his suit, but suffer it to be dismissed at his cost.

This not-suit was taken on the 11th day of June, 1841, and on the 14th day of June the plaintiff comes into court and files his bill of exceptions to the decision of the court in excluding from the jury certain testimony offered by him. The record shows no motion and reasons for setting aside the non-suit, nor any consent of the defendant to the filing a bill of exceptions after the decision of the court. The mo-

Atkinson
v.
Lane.

A writ of error will not lie on a judgment of non-suit; but the party must move to set aside the non-suit, and preserve the evidence and proceedings in the case in a bill of exceptions.

tion to set aside the non-suit, if any, ought to have appe ared on the bill of exceptions, so ought the reasons.

Our statute allows the person who thinks himself injured by the decision of the court, to except to its opinion, and write his exception, but requires it to be done during the progress of the cause. Sec. 20 of the 4th article of the act concerning Practice at Law, p. 464 of the Digest; see also the case of Consaul, et al. v. Siddell, p. 253 of 7th vol. Mo. Rep.

If it were allowable to presume the assent of the other party to filing the bill of exceptions after the day on which the plaintiff abandoned his case, the failure to move to set aside the non-suit is a fatal objection to the prosecution of the writ of error. The cause will be dismissed.