READY et al. v. SMITH et al., Appellants.

### Division Two, November 9, 1897.

1. **Appeals:** ORDER SETTING ASIDE NONSUIT.  An order setting aside a nonsuit can not be appealed from under the statute of 1891, amending section 2246, Revised Statutes 1889.

2. ———: ———: FINAL JUDGMENTS.  An order setting aside a nonsuit is not a final judgment.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

APPEAL DISMISSED.

*Montgomery & Montgomery* for appellants.

(1) The remedy provided by section 2835, Revised Statutes 1889 (sec. 984, revision of 1879), is exclusive, and the only remedy the plaintiff could pursue for his alleged grievances, if he has any, must be under the statute.   *Tyree v. Bingham*, 100 Mo. 457; *Thompson v. Greeley*, 107 Mo. 580; *Gill v. Balis*, 72 Mo. 429; *Slattery v. Trans. Co.*, 91 Mo. 217; *Sanborn v. Doe*, 28 Pac. Rep. 105. (2) The plaintiff can not maintain this action because the right of action for the alleged wrong

belongs to the corporation itself, the university company, and 'neither a creditor nor stockholder can bring the action without alleging that the corporation is under the control of the defendant or that application has been made to the governing board to sue and they have refused to do so. Wait on Insolvent Corporation, secs. 52 and 72; *Allen v. Curtis*, 26 Conn. 460; *Branch v. Roberts*, 50 Barb. 435; *Pond v. Railroad*, 130 Mass. 194; *Parker v. Roberts*, 116 Mo. 662; *Johnson v. Bennett*, 39 Barb. 237; *French v. Shotwell*, 5 Johns. Ch. 564; Wait on Fraudulent Conveyances, sec. 403; *Garretson v. Kane*, 27 N. J. L. 211; *Eaton v. Perry*, 29 Mo. 96; *Priest v. White*, 89 Mo. 616. (3) The Supreme Court in *Sachse v. Clingingsmith*, 97 Mo. 410, expressly overrules *Gill v. Clark*, 54 Mo. 415, and they say they will treat all civil actions whether at law or in equity alike so far as regards the taking of nonsuits and the review of exceptions thereunder. *West v. McMullen*, 112 Mo. 409. (4) The motion to set aside the nonsuit is in effect a motion for a new trial. *Maloney v. Dows*, 18 How. Pr. 28; *Whipley v. Dewey*, 17 Cal. 316; R. S. 1889, sec. 2243. (5) It is urged that there has been no trial and hence there can be no new trial. The plaintiff seems to think that because they did not get any evidence before the court there was no trial. Yet he took a nonsuit, and that was not voluntarily done. Why? Because upon the trial the court held no evidence was admissible under the pleadings. (6) Where a trial is regularly entered upon, upon issues made by the pleadings, the trial commences and this is a trial, although all the evidence on the part of the prejudiced party is excluded. 16 Am. and Eng. Ency. of Law, p. 611; title, New Trial; *Moore v. Bates*, 46 Cal. 30; *Maloney v. Railroad*, 122 Mo. 115; *St. Louis v. Brooks*, 107 Mo. 383; *Elfrank v. Seiler*, 54 Mo. 135; *Hurst v. City*, 96 Mo. 172.

*E. J. Smith* for respondent.

(1) The remedy in section 2835, Revised Statutes 1889, is not exclusive. *Bank v. Bank*, 107 Mo. 133. (2) Smith was the chief managing officer of the university, a dissolved corporation. He by a simple turn of a few days made $2,100 by a speculation on the property of the university, and has thirteen acres of ground yet. He can not thus speculate on the property of the university. *Bent v. Priest*, 86 Mo. 475; *McAllen v. Woodlock*, 60 Mo. 174; *Brewster v. Stratman*, 4 Mo. App. 41; *Patrick v. Boonville Gas Light Co.*, 17 Mo. App. 462; *Hoyle v. Railroad*, 54 N. Y. 314; *Sweeney v. Grape Sugar Co.*, 30 W. Va. 443; *Roan v. Winn*, 93 Mo. 503; *Hill v. Rich Hill Coal Mining Co.*, 119 Mo. 9; *Schufeldt v. Smith*, 131 Mo. 280. (3) The "university" corporation is dissolved and Smith, both at common law or general equity, and by statute, is a trustee of its assets, and may be sued as such. R. S. 1889, sec. 2513, 2519; *Moore v. Whitcomb*, 48 Mo. 543; *State Savings Ass'n v. Kellogg*, 52 Mo. 588; *Chouteau v. Allen*, 70 Mo. 290; *Ford v. Railroad*, 52 Mo. App. 452. (4) And in any event there is no occasion for making the corporation a party or taking any further note of it. This was insisted on below. Think they have now abandoned it. But we cite the cases. *State Savings Ass'n v. Kellogg*, 52 Mo. 583; *Heralson v. Mason*, 53 Mo. 211; *Perry v. Turner*, 55 Mo. 418; *Walker v. Deaver*, 79 Mo. 664.

GANTT, P. J.—A suit in equity was commenced by the plaintiffs in the circuit court of Pettis county to compel the defendant Smith to account to plaintiffs as creditors of the Sedalia University Company for certain moneys therein alleged to have been fraudulently obtained by him out of certain real estate in which the said university had an equity. In due time Messrs.

Smith and Hinsdale answered and denied· all charges of fraud and pleaded other facts to justify them in all they did in connection with said lands.    Among other defenses  it was insisted that plaintiffs were not the proper parties to challenge their conduct in the premises, but that the remedy, if any, was by a proceeding by the Attorney-General under section 2835, article 10, Revised Statutes 1889, and that remedy was exclusive; that the fraud complained of was not the fraud of the university company which was the debtor of plaintiff, but of a third party upon the university, of which the university alone could complain.  The cause came on for hearing, both parties announced ready, and the pleadings were read and thereupon the defendants objected to any evidence under the petition because plaintiffs had no standing in court and could not complain on the alleged fraud.    The circuit court sustained this objection, whereupon plaintiff took a nonsuit, and afterward on the same day moved to set the same aside, which the court did.    To·the action of the court in setting aside the nonsuit and reinstating the case, the defendants excepted and have appealed to this court.

I.    The plaintiffs insist there is no judgment from which an appeal will lie.    The point thus raised must be determined by our statutes and the analogies of the law.    Prior to April 18, 1891, our civil code provided that "every person aggrieved by any final judgment or decision of any circuit court in any civil cause . . . . . . . may make his appeal to the court having appellate jurisdiction of such judgment or decision."  R. S. 1889, sec. 2246.

By the act of 1891 (Laws 1891, p.70), it was provided that: "Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to the court having appellate jurisdic-

tion from any order granting a new trial, or in arrest of judgment, or dissolving an injunction, or from any interlocutory judgment in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause, but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

The appeal in this cause was granted at the May term, 1895, and on the twenty-fourth day of May, 1895, consequently the act of 1891 above quoted was in force at that time and must govern. The act of 1895, Laws of 1895, page 91, did not go into effect until June 21, 1895.

It will be noted that an order or judgment setting aside a nonsuit is not enumerated in the statute as an order from which an appeal may be taken. If permitted, then it must be under the general clause allowing an appeal from "any final judgment."

Is such an order a final judgment? In *West v. McMullen*, 112 Mo. 405, this court said: "When the court set aside the nonsuit, the parties were right where they were when the issues were first made up. No right of the plaintiffs or defendants had been adjudicated. Plaintiffs had been driven to a nonsuit and the setting aside simply restored them to a standing in court; they occupied precisely the same position as if they had voluntarily dismissed their suit and commenced a new action and defendant had answered. The only effect was to reinstate the cause for trial." Now a judgment is the final determination of the right of the parties in the action. R. S. 1889, sec. 2206. In *Ins. Co. v. Broughton*, 109 U. S. 121, the Supreme Court of the United States said: "A judgment of nonsuit does

not determine the rights of the parties and is no bar to a new action.''

Can argument make it clearer that the mere setting aside of the nonsuit is in no sense a final determination of the right of either the plaintiff or the defendant? If so, what does it determine? The court has decided nothing in the cause save that the cause be reinstated. It is altogether different from the action of a court in forcing a plaintiff by an adverse ruling to take a nonsuit and then refusing to take off the nonsuit when moved by the losing party to do so. In this latter case this court has permitted an appeal from the earliest period of its existence. In such a case, however, the appeal is allowed on the principle that with the adverse determination of the court against him after an ineffectual effort to get the court to reverse itself, it is impossible for the party to obtain a final judgment in his favor. It is to all intents a finality as against the party and unless he can appeal he has no redress. *English v. Mullanphy*, 1 Mo. 780; *Collins v. Bowmer*, 2 Mo. 195; *State to use Bates Co. v. Smith*, 65 Mo. 464.

Not so with the defendant in such a case, however. The ruling is in his favor and when the nonsuit is set aside nothing is adjudged against him.

Prior to the act of 1891 it was the uniform rule to deny an appeal for the granting of a new trial for the reason that the decision was in no sense a finality, because the court retained control of the case. Said this court in *Martin v. Hays*, 5 Mo. 62: "When the verdict was set aside the cause stood upon its original ground, open for trial. Then it was not *finally decided*, but was still pending" and writ of error did not lie. And it has invariably been held that no appeal lies from a mere voluntary nonsuit nor from an involuntary nonsuit unless a motion to set aside was filed and

preserved in a bill of exceptions. *Atkinson v. Lane*, 7 Mo. 403; *Chouteau v. Rowse*, 90 Mo. 191.

The act of 1891 was before this court *in banc* for interpretation in *Greeley v. Railroad*, 123 Mo. 157, and it was pointed out that it was the purpose to allow appeals from certain orders which up to that time had been held to be merely interlocutory and not final in their nature, and the appeal in that case was dismissed because an order appointing a receiver was not mentioned among those orders mentioned by the statute of 1891. Applying the reasoning of that case, it is obvious, we think, that as an order setting aside a nonsuit is not final and as the statute has not made it appealable in terms, it must be held that an appeal can not be prosecuted therefrom and the appeal in this case must be and is dismissed. SHERWOOD and BURGESS, JJ., concur.