THOMAS F. MONAHAN *vs.* CITY OF WORCESTER.

Worcester.    October 2, 1889. — January 2, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Incompetent Employee —*
*Evidence of Common Repute.*

In an action by an employee against an employer for personal injuries caused by the act of a fellow workman, after proof that the latter was old and physically weak, with sight and hearing seriously impaired, the plaintiff, for the purpose of proving that the defendant had not exercised reasonable care in employing such fellow workman to do the work he was set to do, offered evidence that he was generally reputed in the community to be infirm in those respects. *Held,* that the evidence offered was competent for that purpose.

TORT for personal injuries occasioned to the plaintiff on May 25, 1886, while in the defendant's employment. At the trial in the Superior Court, before *Staples,* J., there was evidence tending to show that on that day the plaintiff was employed by the defendant in the construction of a sewer in a street under the tracks of a railroad; that one McLoughlin was also employed by the defendant, and was then engaged in wheeling bricks upon a handbarrow from a pile in the street across the railroad track to the edge of the trench in which the plaintiff was at work; that just before the accident McLoughlin, having loaded the barrow with bricks, started to wheel it across the track; that the wheel of the barrow struck the farther rail of the track, causing the barrow to tip and McLoughlin to lose his hold upon it, whereupon a portion of the load was emptied into the trench and fell upon the plaintiff, causing the injuries; that McLoughlin was sixty-two years old and physically infirm, with seriously impaired sight and hearing; and that the injuries were due to McLoughlin's lack of capacity properly to do the work which he was then engaged in doing.

The judge excluded evidence offered by the plaintiff to show that McLoughlin was generally reputed to be infirm in the senses of sight and hearing and in physical strength, for the purpose of proving that his infirmities in these respects were well known in the community, and to show that if the

defendant had used due care it must have known of such infirmities, and that he was an unsuitable person to be thus employed.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Hopkins & E. J. McMahon*, for the plaintiff.

*F. P. Goulding*, for the defendant.

FIELD, J. The offer of the plaintiff to show that McLoughlin "was generally reputed to be infirm in the senses of sight and hearing and in physical strength," was made for the purpose of proving that the defendant either knew of these infirmities, or by the exercise of reasonable care would have known of them, if the jury found from other evidence that McLoughlin was infirm in these respects. For this purpose, in our opinion, the evidence was competent. The master is bound to use reasonable care in selecting his servants, and if a person is incompetent for the work he is employed to do, the fact that he is generally reputed in the community to want those qualities which are necessary for the proper performance of the work certainly has some tendency to show that the master would have found out that the servant was incompetent, if proper means had been taken to ascertain the qualifications of the servant. We cannot say that it may not be a matter of common repute in a community that a man is physically weak, and is partially blind and deaf. *Gilman* v. *Eastern Railroad*, 13 Allen, 433.

*Exceptions sustained.*