collision occurred as the deceased was driving across the track, or when he was turning out of the tracks. The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.

---

(77 Hun, 612.)

### FORD v. McCARTHY et al.

(Supreme Court, General Term, Fourth Department.   May 18, 1894.)

1. MORTGAGES—PROOF OF DELIVERY—RECORD.·
    Record of a mortgage at the instance of the mortgagor is prima facie evidence of delivery.
2. SAME—ACCEPTING CONSTRUCTIVE DELIVERY.
    Where a mortgage is recorded at the instance of the mortgagor for the benefit of the mortgagee without his knowledge, an action by the mortgagee to foreclose the mortgage, brought after learning the facts, is sufficient proof of acceptance of the constructive delivery evidenced by the record.

Appeal from special term, Onondaga county.

Action by Patrick Ford against Bridget McCarthy and others to foreclose a mortgage dated October 21, 1881, executed by defendant Bridget McCarthy to plaintiff, her brother. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

The opinion of Mr. Justice VANN at special term is as follows:

The question at issue between these parties is whether the mortgage in controversy was ever delivered. It appears from the evidence that on the 12th day of March, 1878, the defendant, being indebted to the plaintiff in the sum of $150 for certain property by him sold to her, gave him her promissory note for that amount, dated on that day and payable nine months thereafter. This note matured, but was not paid, and on the 21st of October, 1881, the defendant executed and acknowledged the mortgage in question, which is conditioned to pay said note and interest in one year. No bond accompanied the mortgage. At the time the mortgage was executed, the plaintiff was living in the west, so that personal delivery was not made, but the defendant Bridget McCarthy, through her husband and agent, Michael McCarthy, at once caused the same to be recorded, and after the record thereof Mr. McCarthy procured it from the clerk, and has had it in his possession ever since. The plaintiff never had the manual possession of the mortgage, but learned of its existence shortly after it was executed. Upon the trial the plaintiff read in evidence the record of the mortgage, but gave no evidence of a direct delivery thereof. The defendants gave evidence tending to show that a certain judgment had been entered against them in justice's court by one of their creditors in violation of an agreement and after settlement of the claim upon which suit was brought; that upon learning of this fact Mr. McCarthy procured his wife to execute the mortgage in question and place it upon record, in order to prevent the collection of that judgment, and that it was so placed upon record for the plaintiff. As the mortgage was recorded through the act of the defendants, the record thereof was prima facie evidence of a delivery. Van Valen v. Schemerhorn,

22 How. Pr. 416. The burden of proof was therefore cast upon the defendants to show that there was no delivery, either actual or constructive. I am not satisfied that this burden of proof has been successfully met. The main fact relied upon to show that there was no delivery tended to show that there was a delivery; for how could collection of the judgment be prevented, except by an effective record of the mortgage for the use of the plaintiff, which is equivalent to an actual delivery? Otherwise, the filing of a transcript of the judgment would make it a prior lien, for until there was a delivery there was no mortgage, except in form. It was not necessary that the delivery should be to one authorized to accept for the plaintiff, as he could accept at any time upon learning of the facts. Munoz v. Wilson, 111 N. Y. 295, 18 N. E. 855. Unless it was intended to record the mortgage as an operative obligation, the act was meaningless, and, if it v. as delivered for record with that intent, it was an effective delivery for all purposes. Moreover, Mr. McCarthy testified very candidly that he intended to put it on record for the plaintiff, and the authorities hold that when a mortgagor causes a mortgage to be recorded for the benefit of the mortgagee, although without his knowledge or acceptance at the time, it is a valid delivery, and the mortgagee can accept the same whenever he chooses after learning the facts. The bringing of an action to foreclose is sufficient evidence of acceptance, but in this case there was other evidence upon the subject. Findings may be prepared, and the usual decree of foreclosure entered, with costs.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

M. M. Waters, for appellants.

P. J. Ryan, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of VANN, J., delivered at special term.

---

(8 Misc. Rep. 547.)

RUTHERFORD v. KRAUSE et al.

(Supreme Court, Special Term, Delaware County. April 23, 1894.)

PLEADING—VERIFICATION—WHEN EXCUSED.

    Where the complaint in an action for negligence alleges that defendant wrongfully and immoderately drove a team of horses on a public highway while he was drunk, it charges cruelty to animals and intoxication in a public place, both of which are crimes (Pen. Code, § 669; Laws 1892, c. 401, § 35), and is therefore within Code Civ. Proc. § 523, providing that, "where a party pleading would be privileged from testifying as a witness concerning an allegation * * * in the pleading," verification may be omitted.

Action by James Rutherford against Leopold Krause, impleaded. Defendant Krause moves to set aside a judgment as on default for failure to verify the answer. Granted.

Robert T. Johnson, for plaintiff.

W. & G. W. Youmans, for defendant.