THOMAS E. PARK, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence of a fellow-servant — evidence as to his reputation for care, admissible.*

Upon the trial of an action brought to recover damages for personal injuries sustained by reason of the defendant's alleged negligence, evidence of the general reputation as to prudence and care of the fellow-servant of the plaintiff, an employee of the defendant, through whose negligence the accident in which the plaintiff sustained the injuries complained of occurred, is competent on the subject of notice.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court

in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 10th day of April, 1894, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 8th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Hiscock, Doheny & Hiscock*, for the appellant.

*Louis Marshall*, for the respondent.

MERWIN, J. :

The recovery in this case is for damages sustained by the plaintiff by reason, as he claims, of the negligence of the defendant. On the 21st of November, 1891, the plaintiff was, and had been for a number of years, in the employ of the defendant as a locomotive engineer. On the evening of that day he was the engineer upon a mail express train that left Syracuse at eight-twenty-five, eastward bound on track No. 1. The train passed Canastota about nine o'clock, and when about a mile east of that place it ran into a freight train of the defendant going eastward on the same track, but which was then stalled in going up a grade. The injuries to the plaintiff which are here complained of were one of the results of the collision. The night was dark and rainy, and there was a strong southerly wind. At Canastota the plaintiff was informed by the indicator there that there was a train on the same track forty-three minutes ahead of him. His train was going at the rate of about forty miles an hour. Between Canastota and the place of the accident there is a curve to the north, being to the left as you go east, and the stalled train was a short distance, about 800 feet, beyond this curve. The plaintiff claims that he did not see the stalled train or get any notice of the obstruction in time to stop. Whether he did so, or whether in the exercise of reasonable care he might have done so, were questions for the jury. When the freight train stopped it became the duty of one Brown, a brakeman on that train, to go back at least half a mile, according to the rule of the defendant, and give the proper signal to any approaching train. There was evidence tending to show that he did not do this,

although he had plenty of time for that purpose; that his failure to do it was the cause of the accident, and that such failure was due to his incompetency to perform the duties of his position. There is. abundant evidence to sustain the finding that Brown was incompetent within the rule laid down in *Coppins* v. *N. Y. C. & H. R. R. R. Co.* (122 N. Y. 557, 564). The conclusion that the accident was due to such incompetency is not against the weight of the evidence. It is claimed by the plaintiff that the defendant was negligent in employing and keeping in its employment such a man when it knew, or in the exercise of reasonable care might have known, of his unfitness for the position. The conclusion of the jury in this respect should not, we think, be disturbed.

It is claimed by the defendant that the plaintiff was himself negligent in that he did not, as the defendant claims, comply with rule No. 131 of the company. That provides on this subject as follows: "It is required of both engineman and fireman to keep a careful lookout from the engine. When rounding curves take position on the inside of the curve and keep sharp lookout until straight line is reached." The curve here was to the left. The position of the plaintiff on the engine was on the right while the position of the fireman was on the left. The plaintiff did not on approaching the curve take position on the left. Whether his failure to do so under the circumstances of this case was negligence which contributed to the accident was a matter for the jury to decide.

In the course of the trial evidence on the part of plaintiff was received of the general reputation of the brakeman Brown prior to the accident as to his prudence and care. The objection taken was that it was incompetent and immaterial. Evidence was also received, under like objection, that his general reputation was that he was "a little off," and that among railroad men he was usually called "crazy Brown." The defendant claims that in admitting this evidence there was prejudicial error.

It has been held in several cases that evidence of this kind was competent on the subject of notice. (*Gilman* v. *Eastern Railroad Co.*, 13 Allen, 433; *Monahan* v. *Worcester*, 150 Mass. 439; *Lake Shore & Michigan Southern Railroad Co.* v. *Stupak*, 123 Ind. 210, 225; *Davis* v. *Detroit & Mil. R. R. Co.*, 20 Mich. 124; *Norfolk & W. R. Co.* v. *Hoover* [Md.], 29 Atl. Rep. 994; Wood on

Mast. & Serv. § 421.) In the *Monahan* case it is said: "The master is bound to use reasonable care in selecting his servants, and if a person is incompetent for the work he is employed to do, the fact that he is generally reputed · in the community to want those qualities which are necessary for the proper performance of the work certainly has some tendency to show that the master would have found· out that the servant was incompetent if proper means had been taken to ascertain the qualifications of the servant."

On the part of the defendant we are referred to *Haskin* v. *N. Y. C. & H. R. R. R. Co.* (65 Barb. 135) and *Young* v. *N. Y., Ont. & W. R. Co.* (77 Hun, 612). The *Young* case was decided· by this court, but the question here involved was not passed upon. In the *Haskin* case, which was decided in January, 1873, evidence as to the reputation of one Wood as an engineer had been excluded, and in sustaining the ruling it was said : "Reputation is not competent evidence to charge a master with negligence in the employment of a servant, because, *first,* it may be false, and, *second,* he may never have heard it." It was also said that no question was made that the defendant was chargeable with negligence in the employment of Wood. What bearing reputation might have on the question of notice was not considered. It may be here observed that in *Baulec* v. *N. Y. & Harlem R. R. Co.* (59 N. Y. 356), decided in December, 1874, it is said by Judge ALLEN at page 361 : "A principal would be without excuse should he employ for a responsible position, on the proper performance of the duties of which the lives of others might depend, one known to him as having the reputation of being an intemperate, imprudent, indolent or careless man. He would be held liable to the fellow-servants of the employee for any injury resulting from the deficiencies and defects imputed to the individual by public opinion and general report."

We are of the opinion that the evidence of general reputation was competent on the subject of notice, and, therefore, the general objection to it was properly overruled. (*Hersey* v. *Benedict,* 15 Hun, 285.) The defendant did not ask to have its effect limited to the question of notice. It would seem from the course of the trial that the main if not sole object of the evidence was to show notice. It was referred to by the court in its charge, and no exception was taken to the remarks of the court on the subject.

We have examined the other exceptions to which our attention has been called, and find no sufficient ground for reversal.

MARTIN, J., concurred.

HARDIN, P. J.:

In yielding my assent to the views expressed in the opinion of .MERWIN, J., besides the authorities cited therein, I am influenced somewhat by the decision made by this court in *Van Duzen* v. *L. S. & M. S. Ry. Co.* (12 N. Y. St. Repr. 353). It was there said, viz.: "It may be said that the defendant should have known his reputation as a railroad man. The answer to that suggestion is, that there was no evidence that he had other than a good reputation at the time of his employment, or at any other time excepting during the two days in which he was engaged in making a single trip over the defendant's road."

The language seems to indicate that such evidence might have been proper to show the defendant guilty of negligence in selecting or keeping an employee in the service of the road. I think due regard to the authorities require that I should concur, as I do, in the opinion of MERWIN, J. (*Bossout* v. *R., W. & O. R. R. Co.,* 32 N. Y. St. Repr. 886; affd., 126 N. Y. 646.)

Judgment and order affirmed, with costs.