HUNTT v. McNAMEE.

(Circuit Court of Appeals, Fourth Circuit. November 9, 1905.)

No. 525.

1. NONSUIT—CONDITION OF CAUSE—FINAL ADJUDICATION.

Where a voluntary nonsuit was permitted by the state practice, it was within the discretion of a federal court to refuse to allow a nonsuit after plaintiff had concluded his evidence, and a motion by defendant for direction of a verdict had been submitted and sustained, on the grounds both of the insufficiency of the complaint and of the evidence to sustain it.

2. MASTER AND SERVANT—INJURY TO THIRD PERSONS—TRIAL—DIRECTION OF VERDICT.

It was not error to direct a verdict for defendant in an action for a personal injury, where the complaint charged defendant with liability because of the negligence of his agent, and the evidence showed without contradiction that the alleged agent was an independent contractor for doing the work in which the negligence occurred.

3. SAME—NEGLIGENCE OF INDEPENDENT CONTRACTOR.

The owner of a lot in a city, who let the work of making an excavation thereon to an independent contractor, can only be held liable for an injury to a third person caused by blasting in the performance of the work by the contractor on proof of his own negligence, either in employing a contractor known, or who should have been known, to him to be incompetent or negligent, or because the work was known to him to be necessarily dangerous to persons in the vicinity, and he neglected to provide in the contract that preventive measures for their protection should be taken by the contractor.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1260, 1263.]

**4. TRIAL—DIRECTION OF VERDICT—INSUFFICIENCY OF EVIDENCE.**

  The action of the trial court in an action for a personal injury in directing a verdict for defendant, on the ground that the evidence of plaintiff did not sustain the allegations of his complaint, affirmed.

  Morris, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Western District of North Carolina.

Alf. S. Barnard and Charles A. Moore (Merrick & Barnard and Moore & Rollins, on the briefs), for plaintiff in error.

J. H. Merrimon, for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and MORRIS, District Judge.

GOFF, Circuit Judge. The plaintiff in error on May 28, 1902, while standing on a street in Asheville, N. C., was injured by a rock which struck his leg: He alleges in his complaint that the rock was thrown by a blast discharged on a lot owned by the defendant, Charles McNamee, under whose directions the blasting was negligently, unskillfully, and improperly done. The case was tried in the court below before a jury, and at the close of the plaintiff's testimony, the defendant moved the court to instruct the jury that a verdict be entered for the defendant upon the evidence that had been offered. The trial judge, proceeding to instruct the jury as requested, stated that in his opinion the allegations of the complaint were not sufficient to sustain the verdict, when the plaintiff suggested to the court that he be permitted to take a nonsuit. This request was refused. The judge below then proceeding with his instructions to the jury stated that in his opinion the evidence offered by the plaintiff did not sustain the allegations set forth in his complaint, when the plaintiff again requested the court for permission to take a nonsuit and an appeal. This request the court also refused. The jury then, under the instructions of the court, found a verdict for the defendant, on which a judgment was entered, and the writ of error now under consideration was prayed for and allowed.

The refusal of the court below to permit a nonsuit, and a nonsuit and an appeal are assigned as error. The courts of the United States have always exercised the right to control the disposition of causes pending before them, when either the allegations of the plaintiff or the evidence introduced in support thereof has failed to make out a case. Merchants' Bank v. State Bank, 10 Wall. 604, 19 L. Ed. 1008; Pleasants v. Fant, 22 Wall. 116, 22 L. Ed. 780. For a number of years the Supreme Court of the United States declined to entertain writs of error upon nonsuits. That court has held that the Circuit Courts of the United States have no authority to order a nonsuit in invitum. Elmore v. Grymes, 1 Pet. 468, 471, 7 L. Ed. 224; Crane v. Morris, 6 Pet. 598, 8 L. Ed. 514; Castle et al. v. Bullard, 23 How. 172, 183, 16 L. Ed. 424; Schuchardt v. Allens, 1 Wall. 359, 370, 17 L. Ed. 642; Coughran v. Bigelow, 164 U. S. 301, 307, 17 Sup. Ct. 117, 41 L. Ed. 442. Where the record disclosed that the plaintiff had voluntarily become nonsuited, a writ of error was refused him.

Evans v. Phillips, 4 Wheat. 73, 4 L. Ed. 516; Cossar v. Read, 17 Q. B. 540; Central Transportation Co. v. Pullman's Car Co., 139 U. S. 24, 39, 11 Sup. Ct. 478, 35 L. Ed. 55. These cases cited are instructive as they relate to the questions involved in the assignments of error pertaining to the request for a nonsuit.

While the general rule is as above indicated, still the Supreme Court has by means of exceptions taken during the trial, in states where statutes authorize nonsuits, passed upon the questions here involved, and has discussed the matter of ordering a nonsuit. Mr. Justice Field, in the case of Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539, says, in substance, that the difference between a motion to direct a nonsuit and a motion to direct a verdict for defendant, is rather a matter of form than of substance, except that the latter ends the litigation if a new trial be not granted. The rule is undoubtedly well established that it is within the authority of the presiding judge to direct a verdict, and to enter judgment thereon. The court below having no doubt that the plaintiff had failed to make out a case, properly gave the directions it did. It would have been a waste of time to have permitted the case to proceed further, if the result was as the court indicated an inevitable one. In Pleasants v. Fant, supra, Mr. Justice Miller said:

"Must the court go through the idle ceremony in such a case of submitting to the jury the testimony on which plaintiff relies, when it is clear to the judicial mind that if the jury should find a verdict in favor of the plaintiff that verdict would be set aside and a new trial had? Such a proposition is absurd, and accordingly, we hold the true principles to be, that if the court is satisfied that conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should say so to the jury."

It appears from the record that the plaintiff below had, prior to the institution of this suit, submitted the merits of this controversy to the determination of an issue tried in the state courts of North Carolina. See Hunt v. Vanderbilt et al., 115 N. C. 559, 20 S. E. 168. It likewise appears that this case has been pending for years in the court below, and that it has been tried to a jury several times; the judgment in one case having heretofore been reviewed by this court. McNamee v. Hunt, 87 Fed. 298, 30 C. C. A. 653. All the facts, under the supervision of the trial judge, had been submitted to the jury, and the interest of the parties as well as of the public required that if consistent with the due administration of justice there should be an end of the litigation. We are unable to see that the plaintiff below was injured by the action of the trial judge. Had a nonsuit been allowed, the plaintiff on another hearing would have been compelled under the pleadings to have confined himself to a certain line of testimony, and it is quite apparent that all the facts relating thereto had been after years of research found and submitted, and therefore had another trial been allowed, the result would necessarily have been the same. Again, had a nonsuit for the purpose of an appeal been allowed, the plaintiff would have simply brought the action of the trial judge to this court for review, and that has in fact been done by this writ of error. Even if it be admitted that the

plaintiff below had the right to demand a nonsuit during the progress of his cause (it is at least questionable after a trial has begun, see Johnson v. Bailey et al. [C. C.] 59 Fed. 670), certainly it must also be admitted that such right must be reasonably exercised. A nonsuit cannot be demanded after a full adjudication. In this case the defendant had submitted his motion that the jury be instructed to find for him. This motion, similar to a demurrer to the evidence, presented a question of law for the court to decide. Louisville, etc., Railroad Co. v. Woodson, 134 U. S. 614, 621, 10 Sup. Ct. 628, 33 L. Ed. 1032. The court in deciding said motion reached the conclusion that the plaintiff could not recover because the allegations of his complaint would not support a verdict. This judgment of the court disposed of the controversy, and it was only after such disposition that the plaintiff asked for a nonsuit. The trial judge also in disposing of said motion announced his conclusion that the evidence introduced by the plaintiff did not sustain his contention. It was after this that the plaintiff asked permission to enter a nonsuit, with permission to appeal. We think that his request, in each instance, was submitted too late. After the trial judge had decided these questions, the plaintiff had no more right to withdraw his case, than he would have had if the case had been submitted to the jury on the facts, and a verdict had been returned.

As pertinent to this situation we refer to the case of Cahill v. Chicago, M. & St. P. Ry. Co., 74 Fed. 285, 290, 20 C. C. A. 184, 189, where Judge Woods, speaking for the Circuit Court of Appeals of the Seventh Circuit, says:

"We deem it proper to observe here that it is not essential that there be a written verdict signed by jurors or by a foreman, and we have no doubt that, in cases where the court thinks it right to do so, it may announce its conclusion in the presence of the jury and of the parties or their representatives, and direct the entry of a verdict without asking the formal assent of the jury. Until a case has been submitted to the jury for its decision upon disputed facts, the authority of the court, for all the purposes of the trial, is, at every step, necessarily absolute; and its ruling upon every proposition, including the question whether, upon the evidence, the case is one for the jury, must be conclusive until, upon writ of error, it shall be set aside."

The other assignments of error relate to the instruction of the court below to find a verdict for the defendant. In effect, the trial judge held that the allegations of the complaint could not under the evidence offered support a verdict for the plaintiff. The complaint as originally filed contained two counts. The first alleged that the defendant was responsible and liable for the negligence of one C. H. Britt, who it was set forth had been employed by the defendant to blast and excavate a certain lot in the city of Asheville, under his, the defendant's supervision; the second charged the defendant with the negligence of the said Britt, whom said defendant, it was alleged, had employed to blast and excavate said lot, the allegation being that by said negligence the plaintiff was injured. The testimony in the case demonstrated that Britt was an independent contractor, doing the work under his own contract and not under the supervision of the defendant. At the first trial of the case, the jury being unable to

reach a verdict were discharged. After said trial, on the plaintiff's motion permission was given him to amend his complaint, it being set forth in the order giving such leave that the amendment was not to constitute a new cause of action, but was to state the case so as to set up the responsibility of the defendant for the negligence of his contractor, in failing to use the requisite preventative precautions against the effects of blasting, and was to change the form of other allegations in regard to the negligent employment of a contractor. The plaintiff thereupon filed an amended complaint, in which he set out in full the contract between defendant and Britt for the excavation of said lot, and then alleged in substance, that at the time said Britt was so employed by the defendant, it was apparent to and in the contemplation of the defendant that the excavation of said lot so contracted for with said Britt, could and would only be done by blasting with gunpowder or dynamite, or other dangerous agency; and although it was apparent and in the contemplation of the defendant that such blasting would be done by the said Britt in the performance of the said contract, and although such blasting as the plaintiff averred, at the point where such excavation was to be made was intrinsically dangerous, and was, in the ordinary mode of doing it, from its nature liable, unless precautions and preventative measures were taken, to do injury to others, the defendant did not, as it was his duty to do, require of Britt, by contract or otherwise, that he use precautions or preventative measures, or see to it himself that such precautions or preventative measures were taken, to obviate injury to the plaintiff and others passing to and fro on said streets, and being in the neighborhood where said blasting was to be done, nor were such precautions or preventative measures used by said Britt in said blasting, nor did the defendant see that said precautions or preventative measures were used by the said Britt in doing said blasting.

The second cause of action in the amended complaint recited the contract in the same words as were used in the first, and contained also a paragraph like that last described, except that instead of the word "contracted" in the sentence reading, "that the excavation of the lot so contracted with said Britt to be done" the word "contributed" is used. The defendant excepted to this amended complaint, alleging as ground therefor, that it had not been drawn in compliance with the court's order authorizing said amendment, which exception was sustained by the court in these words:

"That the said amended complaint be, and the same is, hereby stricken out in so far as it sets up that the work which the defendant employed the said Britt to perform, was inherently dangerous, and one in which the defendant, McNamee, owed a duty to the plaintiff to see that the said Britt took precautions and preventative measures for the protection of the plaintiff and others against danger, and that said defendant failed to see that said precautions and preventative measures were taken by Britt, on account whereof the plaintiff suffered injury, and the said amended complaint was permitted to stand only in so far as it was authorized by order of the court, to wit, in so far as it sets up responsibility of the defendant for the negligence of the defendant's contractor to use requisite preventative precautions against the effects of blasting, and changes the form of the allegations in regard to negligent employment of contractor."

The trial judge was of the opinion that the portions of the amended complaint so held to be good made a case against the defendant for the negligence of his act. He was also of the opinion that the testimony disclosed—as we doubt not it did—the fact that Britt was an independent contractor, responsible for his own acts, and that the defendant could not be held for any negligence of his. It will be remembered that the original complaint sought to hold defendant responsible for the act of Britt, because he (Britt) was the defendant's agent. The amended complaint seeks to go further, and to hold the defendant liable because he did not require of Britt, by contract or otherwise, that he use such precautions as were necessary to prevent injury to the plaintiff, and to others passing to and fro, in the neighborhood where said blasting was being done. By the amended complaint the plaintiff charges the defendant, not with the negligence of his agent, but with his own individual acts of negligence. He thereby introduces a new cause of action, and it was this that he was forbidden to do under the court's order authorizing the amendment; and this also under the practice in North Carolina he was not permitted to do. Martin v. The Bank, 131 N. C. 121, 42 S. E. 558. The same rule is applicable in the courts of the United States. Shields v. Barrow, 17 How. 130, 15 L. Ed. 158. It follows that as Britt was shown by the testimony to be an independent contractor, and not the agent of the defendant, the trial judge did not err in the ruling we have been considering.

The court below further held that the plaintiff by his testimony failed to maintain the case alleged in his complaint; thus in effect taking the case from the jury and directing a verdict. There is no doubt but that in the courts of the United States the trial judge may withdraw a case from the jury, and direct a verdict for either the plaintiff or the defendant, as may under the evidence be proper. This may be done where the evidence is undisputed, or when it is of that character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict should one be returned in opposition to the court's views. Delaware, Lackawanna & Western Railway Company v. Converse, 139 U. S. 469, 472, 11 Sup. Ct. 569, 35 L. Ed. 213. The exercise of this judicial discretion is, as a matter of course, reviewable in an appellate court, and such review would necessitate an examination of the evidence. This court, in discussing this case when it was before it on other questions (McNamee v. Hunt, 87 Fed. 298, 300, 30 C. C. A. 653, 654), said:

"The gist of this action is that Britt was a negligent and careless man, within the knowledge, or means of knowledge, of McNamee; that no provision was made in the contract for the observance of proper precautions in doing a piece of work which necessarily required blasting with explosive substances in the heart of a city; that in fact the contractor did this work without taking such precautions, and so negligently that a piece of rock was thrown out by the blast, and struck the leg of the plaintiff below, who was at the door of a hotel on a public street, out of sight of the blasting. The suit proceeded upon the principle of the exception to the rule that employers are not generally liable for the acts of contractors."

The law applicable to the facts disclosed in this record is thus stated in Water Company v. Ware, 16 Wall. 566, 576, 21 L. Ed. 485:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed, and was authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

The plaintiff below should have shown by competent evidence, first, that Britt was a negligent and careless man, within the knowledge or means of knowledge of McNamee; second, that Britt was employed in a work which necessarily required blasting with explosive substances in the heart of a city, and that no provision was made in the contract for the observance of proper precautions; third, that Britt did this work without taking proper precautions, and that he did it so negligently that the plaintiff as a result was injured. We have read carefully all the testimony submitted to the jury. We find that the trial judge was not called upon to discuss disputed facts, or to solve doubts arising from the conflict of testimony; nor was he required to weigh the credibility of witnesses. It was incumbent upon him to determine, on the motion submitted for his disposal, whether by the testimony offered he was compelled to submit the case to the jury for a verdict. Quite a number of witnesses were examined on questions relating to the blasting, the accident, and to Britt's reputation as a contractor, and also to his carelessness in the performance of his work, but we are unable to find from the testimony anything which shows negligence on the part of McNamee, nor anything which brings home to him knowledge of carelessness on the part of his contractor. Nor is there any positive evidence that Britt was especially engaged to do any work requiring the blasting of rock. On the contrary, McNamee himself, having been called as a witness by the plaintiff, testified that he did not know that blasting was necessary. Therefore the trial judge held, and we are unable to say that he erred in his conclusion, that there was not sufficient evidence to show that McNamee was guilty of such negligence as would bring him within the exception to the general rule.

The plaintiff sought to show the reputation of Britt as an incompetent contractor. The general reputation of incompetency cannot be given in evidence until the fact of incompetency has been established, and this with the view of showing that it was of such a character as would imply notice to the employer. Monahan v. Worcester, 150 Mass. 439, 23 N. E. 228, 15 Am. St. Rep. 226. It is incumbent upon the party charging negligence to show it by proper evidence. This may be done by showing specific acts of incompetency, and by bringing them home to the knowledge of the master, or by showing them to be of such a nature and frequency that the master in the exercise of due care must have had them brought to his notice.

The language of the Supreme Court of the United States, in Patton v. Texas & Pacific Railway Co., 179 U. S. 658, 660, 21 Sup. Ct. 275, 276 (45 L. Ed. 361) is appropriate to the circumstances

surrounding this case, as now presented for our judgment. We quote from the opinion as delivered by Mr. Justice Brewer:

"At the same time, the judge is primarily responsible for the just outcome of the trial. He is not a mere moderator at a town meeting, submitting questions to the jury for determination, nor simply ruling on the admissibility of testimony, but one who in our jurisprudence stands charged with full responsibility. He has the same opportunity that jurors have for seeing the witnesses, for noting all those matters in a trial not capable of record, and when in his deliberate opinion there is no excuse for a verdict save in favor of one party, and he so rules by instructions to that effect, an appellate court will pay large respect to his judgment."

We find no reversible error, and therefore the judgment complained of will be affirmed.

MORRIS, District Judge (dissenting). I am unable to concur in the judgment of the majority of the court. I think that as to all matters which were ruled upon when the case was in this court on writ of error in 1898 (87 Fed. 298, 30 C. C. A. 653) those matters were finally settled, and when the case was sent back for a new trial, the trial was to be proceeded with in accordance with those rulings. The amended complaint was filed August 3, 1896, and on the former trial the case went to the jury at the April term, 1897, on the issues raised by the amended complaint as restricted by the court's order of June 23, 1897, and a verdict was rendered for the plaintiff. In that trial this issue, among others, was offered for submission to the jury:

"(7) Was the said Britt (the contractor) so employed with the knowledge or in contemplation of his (defendant's) part that blasting with gunpowder, dynamite or other dangerous agency would be necessary, or would be used in making the excavation?"

The answer to this issue appeared to the trial judge in that trial so clearly concluded by the testimony that he took it from the jury and answered it "Yes." This court, on the writ of error, speaking by Judge Simonton, said:

"It therefore becomes a question of fact whether the condition of the soil where the foundation was to be dug was such that McNamee (the defendant) must have known that blasting was necessary, and also whether he did not acquire this knowledge during the performance of the contract. He denies any such knowledge. These questions of fact were for the jury to answer, but his honor, the presiding judge, in submitting the issues to the jury, took from them the seventh issue. * * * In this, we are of opinion that there was reversible error."

In another part of the opinion, the court, speaking of the issues raised by the pleadings, said:

"The gist of the action is that Britt was a negligent and careless man within the knowledge or means of knowledge of McNamee; that no provision was made in the contract for the observance of proper precautions in doing a piece of work which necessarily required blasting with explosive substances in the heart of the city; that in fact the contractor did this work without taking such precautions, and so negligently that a piece of rock was thrown out by the blast and struck the leg of the plaintiff, who was at the door of an hotel on a public street out of sight of the blasting. The suit proceeds upon the principle of the exception to the rule that employers are not generally liable for the acts of contractors. It rests upon the exception which is that

'when a person is engaged in a work in the ordinary doing of which a nuisance necessarily occurs, the person is liable for any injury which may occur to third persons from carelessness or negligence, though the work may be done by a contractor.' Ware v. St. Paul Water Co., Fed. Cas. No. 17,172."

The opinion then quotes from other cases to the effect that where the damage results directly from the acts which the contractor agreed and was authorized to do, and the person who employs the contractor authorizes him to do these acts, he is equally liable to the injured party. The opinion then proceeds:

"This being so, a decisive question in the case is whether when McNamee made this contract he authorized the blasting to be done in order to complete it; or, in other words, whether in order to fulfill his contract the contractor necessarily had to blast, and McNamee knew this."

The court then proceeds to say that as the contract is silent as to blasting, the question whether or not blasting must have been by reason of the known character of the ground to be excavated within the contemplation of McNamee, should have been left to the jury upon the facts and circumstances and the inferences of the fact to be drawn from them. It follows, it appears to me, that this court finally settled, as between these parties, what were the issues raised by the pleadings and what was the law binding upon the parties, and finally settled that the seventh issue was a proper one to submit to the jury. At the trial in November, 1903, which gave rise to the present writ of error, the judge then presiding directed a verdict for the defendant, taking, as it would appear, quite a different view of the proper construction of the pleadings, and held that the plaintiff by the terms of his complaint had restricted the cause of action to one growing out of the relation of master and servant, and as the proof had established the relation of owner and independent contractor, he held for that reason the plaintiff could not recover.

I am unable to appreciate the criticism of the amended complaint to the effect that it sets up a new cause of action to which the plea of limitations would be a bar. In the original complaint the cause of action was based upon the same occurrences, but it alleged that Britt was employed by the defendant to perform the work, and with the knowledge and permission of the defendant, did the work negligently and injured the plaintiff. In the amended complaint the actual contract is set out, and it is alleged that at the time when Britt was so employed it was in the contemplation of the defendant that the excavation so contracted for could only be done by blasting, and was inherently dangerous unless preventive precautions were taken to prevent injury and that no preventive precautions were taken, and that the defendant did not require Britt to use any in doing this blasting. The defendant did employ Britt to do the excavating. In the first complaint it is alleged simply that he employed him, and in the amended complaint it is alleged that he employed him under such a contract as in law makes him an independent contractor. The occurrences are precisely the same, the injury is the same, and as to the exact contract between McNamee, the owner of the land, and Britt, its effect when established was to narrow the ground of the de-

fendant's liability, but not, as it appears to me, to change the cause of action. Texas Pac. Ry. Co. v. Cox, 145 U. S. 593-604, 12 Sup. Ct. 905, 36 L. Ed. 829.

I think the ruling of this court had determined that a recovery could be had under the amended complaint, although the relation was that of owner and independent contractor. The trial judge further ruled that there was no sufficient testimony to show that McNamee knew he was employing Britt to make an excavation which would necessarily require blasting, and which, being in the heart of the city, would be necessarily dangerous if done without proper precautions to prevent injury. He further said, even if McNamee knew that the excavation contracted for would require blasting, there was no evidence upon which the jury could find that McNamee failed in his duty to employ a person competent to properly do the work, and, on the whole case, ruled that the plaintiff was not entitled to recover. In my opinion, the right of the plaintiff to recover under the amended complaint, if he could make out a case which came within the exceptions to the rule that relieves an owner from liability for the negligence of an independent contractor, had been settled in favor of the plaintiff. I think it was also settled that there was evidence from which the jury might infer that McNamee was aware that there was hard rock to be removed which would require blasting. I think it was also settled that if McNamee was aware, or became aware during the performance of the contract, that there was hard rock to be taken out and blasting was required in the ordinary mode of removing the hard rock, he was liable to the same extent as the contractor would be liable, because that was the work he had authorized the contractor to do; so that if the contractor was incompetent and negligent, and did not observe the proper precautions which should be observed in doing such a dangerous work in a city, then McNamee was also liable. The ruling of this court became for these parties the law of this case. I think, moreover, that the ruling is amply sustained by a great many well-considered cases. In 65 L. R. A., in the note to Jacobs v. Fuller & Hutsinpiller Co., on page 833, and also in the note on page 753 (Thomas v. Harrington), the cases are fully cited which establish the doctrine. This case, as reported in 87 Federal Reporter, is cited on page 756. It does not seem to me open to controversy that to blast hard rock with explosives in a city is an act which is inherently dangerous and subjects persons and property in the neighborhood to peril, unless the peril is specially guarded against, and if in this case there was evidence upon which the jury might have found that McNamee was aware that blasting was required, and that he failed to require Britt to use proper precautions to prevent injury, then the case should have been submitted to the jury.

That there was evidence tending to support the above contentions which the plaintiff was entitled to have submitted, I am satisfied from the record. In this dissent it would be of no avail to analyze the statements of the witnesses, but I am satisfied that there was testimony tending to support all the issues essential to the plaintiff's case. The weight of the evidence it was not the province of the trial judge to

determine. It should, as I think, have been left to the jury. I do not think that it was a proper conclusion of law that no recovery could be had upon any view which could properly be taken of the facts the evidence tended to establish. Dunlap v. Northern R. R. Co., 130 U. S. 649–652, 9 Sup. Ct. 647, 32 L. Ed. 1058; Kane v. Northern Central Railway, 128 U. S. 91–94, 9 Sup. Ct. 16, 32 L. Ed. 339.