CHICAGO, M. & ST. P. RY. CO. v. METALSTAFF et al.

(Circuit Court of Appeals, Eighth Circuit. April 16, 1900.)

No. 1,289.

TRIAL—NONSUIT—TIME FOR GRANTING.

    Under Rev. St. U. S. § 914, providing that the practice in the United States courts shall conform as near as may be to the practice of the courts of the state in which the United States court is sitting; and Rev. St. Mo. 1899, § 639, providing that plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury or to the court,—it was not error for the United States court sitting in Missouri to grant plaintiff's motion for a nonsuit, made subsequent to the announcement by the court of its intention to direct a verdict in favor of defendant, but before the jury had retired from the court room or returned a verdict.

In Error to the Circuit Court of the United States for the Western District of Missouri.

Frank Hagerman (Willard P. Hall, on the brief), for plaintiff in error.

Hugh C. Ward (Herbert S. Hadley and R. D. Brown, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.. In this case, which was a suit for personal injuries, after the conclusion of the plaintiff's testimony, the plaintiff in error, who was the defendant below, asked an instruction in the nature of a demurrer to the evidence directing the jury to return a verdict in favor of the defendant railway company. The trial court announced its intention to give the instruction; whereupon, before the jury had retired from the court room or returned a verdict, the plaintiff below, through his counsel, asked leave to take a nonsuit. The trial court granted such leave, holding that it had no power to refuse the request. Thereupon the jury was discharged from further consideration of the case, and a judgment was entered that the defendant company go hence, and recover of the plaintiff its costs. The defendant company excepted to the allowance of a nonsuit after the court had granted its instruction, and it brings the case here for review; insisting that the trial court should have required the jury to return a verdict, and denied the plaintiff leave to take a nonsuit. The action of the learned judge of the trial court was in strict accordance with a practice which has long ob-

101 F.—49

tained in the state of Missouri, from whence this case comes, and has been repeatedly approved by the supreme court of that state. Section 639, Rev. St. Mo. 1899, is as follows:

"Non-Suit, When Taken. The plaintiff shall be allowed to dismiss his suit or take a non-suit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards."

This provision of the Code of Procedure has been in force in the state in its present form since 1865 (Gen. St. Mo. 1865, p. 662, § 47). The construction which has been invariably placed upon the statute, so far as the decisions show, is that after a demurrer to the plaintiff's evidence has been sustained, or after a peremptory instruction is given at the close of all the evidence directing the jury to return a verdict for the defendant, the plaintiff may then take a nonsuit before the jury has actually retired to consider of its verdict, and that he may take a nonsuit either with or without leave to subsequently move to set the nonsuit aside. It matters not that leave to take a nonsuit is not sought until after the law of the case has been fully declared by the court, since the plaintiff has the right under the aforesaid statute to take a nonsuit at any time before the jury has actually retired. Wood v. Nortman, 85 Mo. 298, 304; Templeton v. Wolf, 19 Mo. 101; Lawrence v. Shreve, 26 Mo. 492; Mayer v. Old, 51 Mo. App. 214, 218; Bank v. Gray, 146 Mo. 568, 570, 48 S. W. 447; Wilson v. Stark, 42 Mo. App. 376. Indeed, the rule of practice last stated is so well settled and so well understood in the state of Missouri that it is almost a work of supererogation to cite the authorities. It is claimed, however, in behalf of the defendant company,— and this is the only question presented by the record that can be said to admit of any controversy,—that the rule of practice which obtains in the courts of the state is not obligatory upon the federal courts, but may be rejected by them. Concerning this contention, it may be said that while section 914 of the Revised Statutes of the United States, as heretofore construed (Nudd v. Burrows, 91 U. S. 426, 23 L. Ed. 286; Railroad Co. v. Horst, 93 U. S. 291, 299, 23 L. Ed. 898), does not require that the mode of procedure in the courts of the United States, in law cases, shall conform in all respects to the practice which obtains in the courts of the state where the court is held, yet the statute does enjoin that the practice shall be the same "as near as may be." This implies, of course, that the federal courts cannot arbitrarily reject established rules of procedure which are observed in the courts of the state, in accordance with local laws, but must be governed thereby, except in those cases where the rule is in conflict with some federal law or rule of procedure, or where the observance of such rules by the federal courts would occasion great inconvenience or interfere with the due administration of the law. We perceive no sufficient reason why the federal courts sitting in Missouri should decline to be bound by the rule of procedure now in question, which is so well established in the courts of the state, and has been in force for so many years, that it would doubtless have been abrogated long since, if it had led to any considerable inconvenience or to the increase of litigation, or had tended in any way to

defeat the ends of justice. It is desirable for many reasons that those rules of practice which govern the local courts, and with which the bar are familiar, should likewise receive recognition by the federal courts, and control the conduct of litigation therein, when no evil results are liable to ensue. We accordingly conclude that the trial judge properly allowed the plaintiff below to take a nonsuit under the circumstances heretofore indicated. The judgment below is therefore affirmed.