## DRUMMOND v. LOUISVILLE & N. R. CO.

### (Circuit Court, S. D. Illinois. June 12, 1901.)

**1. FEDERAL COURTS--FOLLOWING STATE PRACTICE.**
   The right of a plaintiff in a federal court to take a nonsuit is governed by the state statutes.

**2. NONSUIT—TIME FOR TAKING—ILLINOIS STATUTE.**
   Under the statute of Illinois (Hurd's Rev. St. c. 110. § 49), which provides that "every person desirous of suffering a nonsuit on trial shall be barred therefrom unless he do so before the jury retire from the bar," a nonsuit cannot be allowed after the court has given a peremptory instruction directing a verdict for defendant, and discharged the jury, although they have not left their seats.[1]

On Motion to Set Aside Verdict and Allow Plaintiff to Suffer a Nonsuit.

[1] State laws as rules of decision in federal courts, see notes in Griffin v. Wheel Co., 9 C. C. A. 548, Wilson v. Perrin, 11 C. C. A. 71, and Hill v. Hite, 29 C. C. A. 553.

W. H. Bennett and A. R. Taylor, for plaintiff.

J. M. Hamill, for defendant.

HUMPHREY, District Judge. This is an action brought by an administrator for damages for the death of his intestate. The case was tried by a jury. At the close of plaintiff's evidence the court gave a peremptory instruction, directing the jury to find for the defendant, and discharged the jury from further service in the case. Thereupon, and while the jury still remained in their seats, counsel for plaintiff moved the court that the plaintiff be allowed to suffer a nonsuit. The statute of Illinois controls the question. Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55; Gassman v. Jarvis (C. C.) 94 Fed. 603. The statute of Illinois reads as follows: "Every person desirous of suffering a nonsuit on trial shall be barred therefrom unless he do so before the jury retire from the bar." Section 49, c. 110, Hurd's Rev. St. The actual withdrawal of the jury from their seats is not necessary to constitute a retirement, within the meaning of the statute. 94 Fed. 603, supra. The court has actually given the instruction, and has discharged the jury, and the record, including the verdict, is made up by the peremptory order of the court. This constitutes a retirement, within the meaning of the statute, and plaintiff's right to suffer a nonsuit is barred by the statute. The motion is overruled.