### FRANCISCO v. CHICAGO & A. R. CO.

(Circuit Court of Appeals, Eighth Circuit. November 23, 1906.)

#### No. 2,225.

1. APPEAL AND ERROR—REQUESTED JUDGMENT OF NONSUIT NOT REVIEWABLE.

No writ of error will lie at the suit of a plaintiff to review a judgment of nonsuit or dismissal rendered in a national court at his request or with his consent. Such a judgment, however, rendered on the motion of the defendant and against the objection and the protest of the plaintiff is reviewable. at the latter's instance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 717–723, 883.]

2. SAME—CALLING AN INVITED NONSUIT "INVOLUNTARY" IS FUTILE—FACTS—CONCLUSION.

At the close of a trial the defendant moved the court to instruct the jury to return a verdict in its favor, and its motion was granted. But before the instruction was given the plaintiff asked, and was granted, leave by the court to take an involuntary nonsuit, and a judgment was rendered accordingly. Held, the nonsuit was entered with the consent and at the request of the plaintiff, and no writ of error could be maintained at his suit to review it. Describing it by a false epithet did not change its character.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 883.]

3. COURTS—APPEAL AND ERROR—ACT OF CONFORMITY (REV. ST. § 914) INAPPLICABLE TO APPELLATE COURTS AND PROCEEDINGS FOR REVIEW.

The act of conformity (section 914, Rev. St. [U. S. Comp. St. 1901, p. 684]) has no application to the practice or proceedings of appellate courts or to matters relating to bills of exceptions, motions for new trials, or any other means adopted to secure a review of the judgments or decrees of the Circuit or District Courts. Its effect is limited to the practice and proceedings in the trial courts to secure their judgments.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 914.]

4. SAME—POWER AND PRACTICE OF NATIONAL APPELLATE COURTS UNAFFECTED BY STATUTES OF STATES OR PRACTICE OF THEIR COURTS.

The power and practice of the federal appellate courts are derived exclusively from the Constitution, the acts of Congress, the common law, the ancient English statutes, and the rules and practice of the courts of the United States, and they are neither controlled nor affected by the statutes of the states or the practice of their courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 937.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

I. N. Watson and D. V. Herider, for plaintiff in error.

Edward L. Scarritt, William C. Scarritt, and Elliott H. Jones, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The plaintiff below is the plaintiff in error here. He brought an action against the defendant to recover $5,000 damages for the negligent killing of George L. Gerew. The defendant denied its liability. There was a trial of the issues before a jury. At the close of the evidence the defendant moved the court to instruct the jury that under the pleadings and evidence they must find a verdict for the defendant. The court granted the motion, and the plaintiff excepted. But before the jury were actually instructed the plaintiff prayed leave of the court to take an involuntary nonsuit. The court granted him permission and a judgment was rendered accordingly. Subsequently the plaintiff moved the court to set aside this judgment of nonsuit and to grant a new trial of the action, and this motion was denied. He has sued out this writ of error to secure a reversal of this judgment of nonsuit on account of numerous alleged errors in the trial of the action, and especially because the court held that the evidence was insufficent to sustain his cause of action and that the defendant was entitled to a verdict thereon.

But invited error is irremediable. If the court erred in the rendition of the judgment of nonsuit, it erred at the plaintiff's request and to the prejudice of the defendant, and that error can form no ground for the reversal of the judgment at the suit of the plaintiff who procured it. A judgment of nonsuit upon the motion or request of the defendant and against the objection or protest of the plaintiff is reviewable by writ of error. Central Transp. Co. v. Pullman's Car Co., 139 U. S. 24, 29, 39, 40, 11 Sup. Ct. 478, 35 L. Ed. 55; Meehan v. Valentine, 145 U. S. 611, 614, 618, 12 Sup. Ct. 972, 36 L. Ed. 835.

But a judgment of nonsuit on the motion, at the request or with the consent of the plaintiff, is not reviewable by writ of error at his suit, because he is estopped from convicting the trial court of an error which he requested it to commit. U. S. v. Evans, 5 Cranch (U. S.) 280, 3 L. Ed. 101; Evans v. Phillips, 4 Wheat. (U. S.) 73, 4 L. Ed. 516; Central Transp. Co. v. Pullman's Car Co., 139 U. S. 24, 39, 11 Sup. Ct. 478, 35 L. Ed. 55; Maxwell Land Grant Co. v. Dawson, 151 U. S. 586, 606, 14 Sup. Ct. 458, 38 L. Ed. 279; Avendano v. Gay, 8 Wall. (U. S.) 376, 377, 19 L. Ed. 422; U. S. v. St. Louis, etc., Trans. Co., 184 U. S. 247, 249, 22 Sup. Ct. 350, 46 L. Ed. 520. In U. S. v. Evans, 5 Cranch (U. S.) 280, 3 L. Ed. 101, the trial court rejected certain evidence offered by the attorney of the United States. He took a bill of exceptions, became nonsuit, and moved the court to set aside the nonsuit and to grant a new trial. His motion was denied, and he sued out a writ of error to reverse the judgment. Chief Justice Marshall said that in such a case, where there has been a nonsuit, and a motion to reinstate overruled, the court could not interfere, and

the judgment was affirmed. In Evans v. Phillips, 4 Wheat. (U. S.) 73, 4 L. Ed. 516, the plaintiff submitted to a nonsuit in the court below and the Supreme Court held that he could not secure a review of that judgment because he had consented to it, and dismissed the writ. In Central Transp. Co. v. Pullman's Car Co., 139 U. S. 24, 29, 38–40, 11 Sup. Ct. 478, 35 L. Ed. 55, and Meehan v. Valentine, 145 U. S. 611, 614, 618, 12 Sup. Ct. 972, 36 L. Ed. 835, the defendants moved for, and secured, judgments of nonsuit against resisting plaintiffs, and the Supreme Court held that the latter might maintain writs of error to review them. But in rendering this decision that court was careful to distinguish these cases from those in which the plaintiffs themselves consent to or procure the judgments, and it said:

"It is true that a plaintiff, who appears by the record to have voluntarily · become nonsuit, cannot sue out a writ of error. United States v. Evans, 5 Cranch (U. S.) 280, 3 L. Ed. 101; Evans v. Phillips, 4 Wheat. (U. S.) 73, 4 L. Ed. 516; Cossar v. Reed, ·17 Q. B. 540. But in the case of a compulsory nonsuit it is otherwise; and a plaintiff, against whom a judgment of nonsuit has been rendered without his consent and against his objection, is entitled to relief by writ of error." 139 U. S. 39, 11 Sup. Ct. 478, 35 L. Ed. 55.

In Koons v. Bryson, 16 C. C. A. 227, 69 Fed. 297, the Circuit Court of Appeals of the Fourth Circuit failed to note this radical distinction and to observe that the conformity act (section 914, Rev. St. [U. S. Comp. St. 1901, p. 684]) has no application to methods of review or to proceedings in the federal appellate courts, and was thereby led to the conclusion that a plaintiff might maintain a writ of error to review a judgment of nonsuit which he had himself requested—a conclusion which the decisions of the Supreme Court to which reference has been made and the reasons for the rule thereby established forbid us to follow. But the same court in later decisions in Huntt v. McNamee, 141 Fed. 293, 72 C. C. A. 441, and Parks v. Southern Ry. Co., 143 Fed. 276, reversed its former holding and recognized the rule adopted by the Supreme Court and the fact that the act of conformity·has no application to the practice or proceedings of the federal appellate courts. In the former case Judge Goff, speaking for the court, said:

"Where the record disclosed that the plaintiff had voluntarily become nonsuited, a writ of error was refused him. Evans v. Phillips, 4 Wheat. (U. S.) 73, 4 L. Ed. 516; Cossar v. Reed, 17 Q. B. 540; Central Transportation Co. v. Pullman's Car Co., 139 U. S. 24, 39; 11 Sup. Ct. 478, 35 L. Ed. 55."

In Parks v. Southern Ry. Co., 143 Fed. 276, a case which arose in North Carolina, where, in the state courts, a plaintiff may take a nonsuit at any time before verdict, the defendant at the close of the evidence had moved the court to instruct the jury to return a verdict in his favor, and the court had sustained the motion. Plaintiff then moved for leave to take a nonsuit. The court denied his motion and instructed the jury to return a verdict for the defendant. The Circuit Court of Appeals held that, when the motion to instruct the jury for the defendant was made, the plaintiff was put to his election to then take his nonsuit or to submit the whole case upon the motion to instruct, that the motion for leave to take a nonsuit after the decision upon the motion to instruct came too late,

and that there was no error in the subsequent refusal of the court to grant the nonsuit. While a different rule has been established in this circuit in cases coming from Missouri, in deference to a statute of that state and in conformity to the practice in its trial courts (Chicago, M. & St. P. Ry. Co. v. Metalstaff, 41 C. C. A. 669, 101 Fed. 769), the opinion in the Parks Case contains a statement of the duty of courts to respect the rights of defendants, as well as plaintiffs, to a lawsuit, to make an end of litigation and to prevent the abuse of the means of administering justice by the trial of experiments upon the courts with defective causes of action, which strongly appeals to our judgment and presents a persuasive argument in support of the rule under consideration. Judge Pritchard said:

"It is highly important that the court in the exercise of its discretion should not only see that equal and exact justice is done between litigants, but it is equally important that needless litigation should be speedily determined, and in the trial of cases the court should consider the rights of the defendant as well as those of the plaintiff, and, where it appears that all the evidence which it is possible to obtain has been offered and the case has been submitted to the jury or to the court, it is the duty of the court, if in its opinion the evidence is not sufficient to justify a verdict in favor of the plaintiff, to direct the jury to return a verdict in favor of the defendant. The courts are not organized for the purpose of permitting the plaintiff in an action to experiment with a certain state of facts for the purpose of ascertaining the opinion of the court as to the law applicable to the same and then permit him to withdraw from the scene of conflict and state a new cause of action and mend his licks in another direction. Such policy, if adopted, would be productive of much mischief, and should not be tolerated."

The difference between a judgment upon an instructed verdict and a judgment of nonsuit is that the former prevents, while the latter permits, the maintenance of another action for the same cause. When the evidence was closed in the suit before us, each party had established rights in the trial of this action. The plaintiff had the right to elect whether he would take a nonsuit (section 639, Rev. St. Mo. 1899; Chicago, M. & St. P. Ry. Co. v. Metalstaff, 41 C. C. A. 669, 101 Fed. 769), or would submit the whole cause upon the motion to instruct and endeavor to secure a verdict in his favor. The defendant had a right to elect whether it would endeavor to obtain a nonsuit or a verdict on the merits in its favor. It chose the latter alternative and moved the court for a directed verdict. This motion the plaintiff opposed and submitted the cause to the court for decision. The court granted the motion, and the plaintiff excepted. He then had the right to elect whether he would take a nonsuit and bring another action on the same cause, or would take a verdict against himself and secure a review of the rulings of the court by a writ of error. He chose the former remedy. He moved the court for leave to take an involuntary nonsuit. The parties then stood in this situation: The defendant asked and pressed for an instructed verdict and thereby necessarily objected to the nonsuit which gave the plaintiff an opportunity to bring another action. The plaintiff prayed for the nonsuit and thereby necessarily objected to the instructed verdict and to a judgment which would prevent his maintenance of another action. The court granted the request of the plaintiff and denied that of the

defendant. Plaintiff thereby secured his right to maintain his action for the same cause, and the defendant lost the judgment in its favor and the entire benefit of a trial in which it had succeeded. The nonsuit was obtained by the act and request of the plaintiff against the motion and objection of the defendant, and it may not be successfully challenged by a writ of error procured by the former.

. It is said that this was an involuntary nonsuit because the plaintiff was forced to take it by the decision of the trial court that he had proved no cause of action, and that the Supreme Court of Missouri has often so decided and has reviewed cases from the inferior courts of that state upon writs of error to such judgments. Williams v. Finks, 156 Mo. 597, 57 S. W. 732; Ready v. Smith, 141 Mo. 305, 42 S. W. 727; English v. Mullanphy, 1 Mo. 780; Collins v. Bowmer, 2 Mo. 195; Bates County v. Smith, 65 Mo. 464; Schulter's Adm'r v. Bockwinkle's Adm'r, 19 Mo. 647; Dumey v. Schoeffler, 20 Mo. 323; Greene Co. v. Gray, 146 Mo. 568, 48 S. W. 447. The answer is (1) that whether the nonsuit was voluntary or involuntary in the conception of the Supreme Court of Missouri, and whether or not it would have been reviewable by that court, if it had been granted by an inferior court of that state, an indispensable condition of its review at the instance of a plaintiff in error in a national court is that it was granted "without his consent and against his objection," and this judgment lacks this condition, for the nonsuit was granted at his request and by his active procurement; (2) that the plaintiff was not forced by the decision of the court below that he had failed to prove his case to take a nonsuit, but he had the option to take the verdict and judgment against him and to review it, and if it was erroneous to reverse it by writ of error, or to take the dismissal of the action and try again; and (3) that his choice of the latter alternative cannot be made involuntary by placing that deceptive adjective before it in the face of the record that he was free to proceed to verdict, judgment, and review, or to a judgment of nonsuit, and that of his own free will and against the motion and objection of his opponent he asked and secured the dismissal. The real character of this nonsuit cannot be reversed or concealed by applying to it a false epithet.

. The decisions of the Supreme Court of Missouri cited above, wherein it has reviewed by writs of error judgments of nonsuit of the character of that in hand, are urged upon our attention, and section 914 of the Revised Statutes of 1899, the act of conformity, which requires the forms and modes of proceeding in civil actions at law in the Circuit and District Courts to conform as near as may be to those in the courts of the state in which the actions arise, is invoked to induce us to follow the practice of that court. But the power and practice of the national appellate courts and the means of reviewing the judgments of the Circuit and District Courts therein are neither conditioned, affected, or controlled by the statutes of the states, the practice of their courts, or the act of conformity. Section 914 is limited by its express terms to the practice and proceedings in the Circuit and District Courts to procure their judgments. It has no application to the practice or proceedings of the federal appellate courts

or to any matters relating to bills of exceptions, motions for new trials, or any other means adopted to review the judgments of the Circuit or the District Courts. The power and practice of the federal appellate courts are derived exclusively from the Constitution, the acts of Congress, the common law, the ancient English statutes, and the rules and practice of the courts of the United States, and they may not be extended, diminished, controlled, or affected by the statutes of the states or the practice of their courts. Chateaugay Iron Co., Petitioner, 128 U. S. 544, 554, 9 Sup. Ct. 150, 32 L. Ed. 508; Hudson v. Parker, 156 U. S. 277, 281, 15 Sup. Ct. 450, 39 L. Ed. 424; City of Manning v. German Ins. Co., 107 Fed. 53, 55, 57, 46 C. C. A. 144, 146, 148; Hooven, Owens '& Rentsehler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 235, 111 Fed. 81, 87; Louisville & N. Ry. Co. v. White, 40 C. C. A. 352, 356, 100 Fed. 239, 243; West v. East Coast Cedar Co., 51 C. C. A. 411, 415, 113 Fed. 737, 741; St. Clair v. U. S., 154 U. S. 134, 153, 14 Sup. Ct. 1002, 38 L. Ed. 936; Boogher v. Ins. Co., 103 U. S. 90, 95, 26 L. Ed. 310; Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8, 34 L. Ed. 585; Kentucky Life Acc. & Ins. Co. v. Hamilton, 63 Fed. 93, 98, 11 C. C. A. 42, 47; Elder v. McClaskey, 17 C. C. A. 259, 278, 70 Fed. 529, 556.

It has been a fixed rule of practice of the appellate courts of the United States for almost 100 years that no writ of error will lie at the suit of a plaintiff to review a judgment of nonsuit which has been rendered at his request or with his consent, and that no judgment will be reversed for an error which the plaintiff in the writ has invited the court to commit, and the fact that the Supreme Court of Missouri calls such a nonsuit "involuntary" and reviews it presents no persuasive reason why one of the national appellate courts should depart from this salutary rule while there are many why it should abide by and enforce it. Courts are established and maintained to settle and terminate controversies between citizens and to enforce their rights, not to furnish debating societies for the trial of legal experiments. The chief reason of their being is to end, not to perpetuate, disputes. "Interest reipublicæ ut sit finis litium." A practice which permits a plaintiff to experiment with the courts and to harass the defendant interminably at will runs counter to the basic purpose of legal tribunals and of all civilized governments, and, instead of assisting to wisely administer justice, it inflicts and perpetuates wrong. Yet this is the practice which a grave review of such nonsuits as that in hand would establish. Under it a plaintiff could introduce his evidence and try the Circuit Court to see whether or not it would sustain his action. If it granted a motion to instruct a verdict against him, he could procure from the court an involuntary nonsuit, then sue out a writ of error and try the appellate court, and, if it would not sustain his action, he could pay the costs, bring another action for the same cause, and continue his actions and experiments interminably. The federal courts ought not to permit themselves to be made the subjects of such experiments. The only material interests involved in the review of such judgments are the costs of the actions, for the plaintiffs may try their causes again whatever the decisions of the appellate courts, and the demands upon these

courts for the decision of real and important issues are too grave and pressing to permit them to devote their time to litigation so frivolous. There is a more compelling reason why proceedings of this nature should not be sustained. The plaintiff is not the only party to a lawsuit who has rights. The defendant has some, and one of them is the right, not only to a fair and impartial trial of the action against him, but to a final adjudication of the alleged cause which the plaintiff presents and to a termination of the litigation upon it. This right he can never enforce, this termination he can never secure under the practice here proposed, for there is no limit to the number of actions on the same cause, or on the want of it, which the plaintiff may bring, review, and dismiss under it.

The conclusion is that a writ of error will not lie in a national appellate court at the suit of the plaintiff to review a judgment of nonsuit or dismissal which has been rendered at his request or with his consent after the court has held at the close of the trial that the defendant is entitled to a verdict.

This case has been considered and determined upon the theory that the evident intention of the plaintiff and of the court to render a judgment of nonsuit had been effected. But the form of the judgment is such that a claim may be made that it was a judgment on the merits. For this reason alone the judgment will be reversed, the defendant in error will recover its costs in this court, and the case will be remanded to the Circuit Court, with directions to render a judgment that the action be dismissed without prejudice to the right of the plaintiff to maintain another for the same cause, and that the defendant recover its costs of the plaintiff, and it is so ordered.