MEYER v. NATIONAL BISCUIT CO.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1909.)

No. 1,496.

COURTS (§ 352*)—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE—DISMISSAL AND NONSUIT.

Under the conformity act (Rev. St. U. S. § 914 [U. S. Comp. St. 1901, p. 684]), it was error for the federal Circuit Court, sitting in Illinois, in an action tried to a jury, to refuse plaintiff's motion for leave to take a nonsuit, after the judge had announced his decision sustaining a motion for a directed verdict.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 352.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edward Maher and Robert F. Kolb, for plaintiff in error.

John D. Beack, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. At the conclusion of the evidence in this action for damages on account of personal injuries the defendant company moved for a directed verdict. After argument by counsel for the respective parties the judge announced his decision sustaining the motion. Thereupon plaintiff moved for leave to take a nonsuit. This motion was overruled, and plaintiff duly excepted. The judge then gave a peremptory instruction in obedience to which the jury rendered a verdict for defendant.

While it may be true that there is sufficient elasticity in the conformity act (section 914, Rev. St. U. S. [U. S. Comp. St. 1901, p. 684]; Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; Mexican Central R. Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699) to permit the United States courts to decide that the state practice giving plaintiffs in actions at law, where jury trial has not been waived, the right to take nonsuits at any time before the jury retire should not be applied to the disposition of a case on demurrer to the evidence, or on the present-day substitute, the motion for a directed verdict (Parks v. Southern R. Co., 143 Fed. 276, 74 C. C. A. 414), nevertheless we believe that the long-established custom of the United States courts sitting in Illinois of following the Illinois practice respecting nonsuits should be adhered to, at least until by duly promulgated rules the bar have been advised of the change.

On the facts of this case plaintiff would have been entitled to a nonsuit in the trial courts of Illinois. Brown v. Lawler, 130 Ill. App. 540; Berry v. Savage, 2 Scam. 261; Howe v. Harroun, 17 Ill. 294; Adams v. Shepard, 24 Ill. 464; Gordon v. Goodell, 34 Ill. 429.

In Wolcott v. Studebaker, 34 Fed. 8, Judge Dyer, sitting in the Circuit Court for the Northern District of Illinois, and following precedents established by Judge Drummond and Judge Blodgett, permitted the plaintiff to discontinue after a motion for a directed verdict had been sustained. In the Southern District Judge Humphrey ruled that plaintiff's motion for leave to take a nonsuit came too late, if it was not made until after the peremptory instruction had been given and the jury discharged from further service in the case. Drummond v. Louisville & N. R. Co., 109 Fed. 531. The practice is the same in the United States courts in Indiana. Gassman v. Jarvis, 94 Fed. 603.

In Chicago, M. & St. P. R. Co. v. Metalstaff, 101 Fed. 769, 41 C. C. A. 669, the Circuit Court of Appeals for the Eighth Circuit approved the practice of the United States courts sitting in Missouri of permitting nonsuits in conformity to the practice in the Missouri courts.

The judgment is reversed, and the cause remanded, with the direction to grant plaintiff's motion for a nonsuit.