CONNECTICUT FIRE INS. CO. v. MANNING et al.

(Circuit Court of Appeals, Eighth Circuit. March 14, 1910.)

No. 3,127.

**1. APPEAL AND ERROR (§ 78\*)—FINAL JUDGMENT—NONSUIT.**

A judgment of nonsuit, though not res judicata of the merits of the controversy between the parties, is nevertheless a final judgment, reviewable on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 471; Dec. Dig. § 78.\*]

**2. APPEAL AND ERROR (§ 1203\*)—REMAND—VOLUNTARY NONSUIT—RIGHT TO DISMISS.**

Rev. St. Mo. 1899, § 639 (Ann. St. 1906, p. 658), provides that plaintiff shall be allowed to dismiss or take a nonsuit at any time before the suit is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards. *Held* that, under the conformity act (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), requiring federal courts in actions at law to follow the established practice of the state court, plaintiffs in a suit on a fire policy in the federal court, after reversal and remand for new trial, were entitled as of right to take a nonsuit on the case being reached on the trial court calendar for new trial.

[Ed. Note.— For other cases, see Appeal and Error, Cent. Dig. § 4688; Dec. Dig. § 1203.\*

State laws as rules of decision in federal courts, see note to Wilson v. Perrin, 11 C. C. A. 71.; Hill v. Hite, 29 C. C. A. 553.]

Sanborn, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by Louis R. Manning and another against the Connecticut Fire Insurance Company. From an order overruling a motion to set aside a nonsuit, defendant brings error. Motion to dismiss writ denied, and judgment affirmed.

Shepard Barclay (P. H. Cullen and Thomas T. Fauntleroy, on the brief), for plaintiff in error.

Edward Robb, for defendants in error.

Before SANBORN, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

WM. H. MUNGER, District Judge. For convenience, plaintiff in error will be designated as defendant and defendants in error as plaintiffs. Plaintiffs commenced an action in the proper state court of Missouri to recover for a loss upon a policy of fire insurance. The cause was removed into the Circuit Court of the United States, where issues were joined, trial had, verdict and judgment for the plaintiffs. Defendant prosecuted error to this court, and the cause was reversed (160 Fed. 382, 87 C. C. A. 334), this court holding that one of the conditions of the policy, to wit—"if the interest of the assured be or become other than the entire, unconditional, unincumbered, and sole ownership of the property, * * * this policy shall be void, unless otherwise provided by agreement indorsed thereon"—constituted

a warranty; that, as there was an incumbrance thereon by a trust deed, to secure the payment of a promissory note for $500, such incumbrance was material to the risk as a matter of law, and the court should not have submitted the question to the jury. The cause was remanded for a new trial. Thereafter, defendant filed its motion in the trial court for judgment on the pleadings, which motion was overruled, and plaintiffs made application for leave to file an amended reply, which was granted; the amended reply seeking to avoid the effect of the decision of this court by alleging knowledge of such incumbrance on the part of defendant's agent at the time of issuing the policy of insurance and accepting the premium therefor. When the cause was reached for trial, the plaintiffs took a nonsuit. At the same term, and within four days thereafter, defendant filed a motion to set aside said nonsuit, for various reasons stated, which motion was by the court overruled, and defendant excepted, and brings the case to this court by writ of error. Plaintiffs have filed a motion to dismiss the writ of error for the reason that the judgment of nonsuit was not a final judgment.

The motion to dismiss is overruled. The judgment of nonsuit was a final one as to that case. The fact that it may not be res adjudicata of the merits of the controversy between the parties, and that the plaintiffs are not thereby estopped from bringing a new action founded on the same subject-matter, does not prevent the judgment of nonsuit being a final judgment of the Circuit Court with respect to the then pending case. A writ of error from a judgment of nonsuit was entertained by this court in Chicago, M. & St. P. Ry. Co. v. Metalstaff, 101 Fed. 769, 41 C. C. A. 669. Such is the practice in some of the state courts. Bee Bldg. Co. v. Dalton, 68 Neb. 38, 93 N. W. 930.

By section 639 of the Revised Statutes of Missouri of 1899 (Ann. St. 1906, p. 658) it is provided:

"The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury or to the court sitting as a jury, or to the court, and not afterwards."

In numerous decisions by the Supreme Court of the state of Missouri the above statute has been construed to permit the plaintiff to take a nonsuit at any time before the case has been actually submitted to the jury, although even after the close of all the evidence a motion to direct the jury to return a verdict for the defendant has been by the court sustained, but where the jury have not actually been so instructed and retired.

Chicago, M. & St. P. Ry. Co. v. Metalstaff, supra, involved the identical question presented here. Judge Thayer, in that case, after referring to the foregoing statute of Missouri, said:

"The construction which has been invariably placed upon the statute, so far as the decisions show, is that after a demurrer to the plaintiff's evidence has been sustained, or after a peremptory instruction is given at the close of all the evidence directing the jury to return a verdict for the defendant, the plaintiff may then take a nonsuit before the jury has actually retired to consider of its verdict, and that he may take a nonsuit either with or without leave to subsequently move to set the nonsuit aside. It matters not that leave to take a nonsuit is not sought until after the law of the case has been fully

declared by the court, since the plaintiff has the right, under the aforesaid statute, to take a nonsuit at any time before the jury has actually retired. Wood v. Nortman, 85 Mo. 298, 304; Templeton v. Wolf, 19 Mo. 101; Lawrence v. Shreve, 26 Mo. 492; Mayer v. Old, 51 Mo. App. 214, 218; Bank v. Gray, 146 Mo. 568, 570, 48 S. W. 447; Wilson v. Stark, 42 Mo. App. 376. Indeed, the rule of practice last stated is so well settled and so well understood in the state of Missouri that it is almost a work of supererogation to cite the authorities. * * * We perceive no sufficient reason why the federal courts sitting in Missouri should decline to be bound by the rule of procedure now in question, which is so well established in the courts of the state, and has been in force for so many years that it would doubtless have been abrogated long since if it had led to any considerable inconvenience or to the increase of litigation, or had tended in any way to defeat the ends of justice. It is desirable for many reasons that those rules of practice which govern the local courts, and with which the bar are familiar, should likewise receive recognition by the federal courts, and control the conduct of litigation therein, when no evil results are liable to ensue."

In Francisco v. Chicago & A. R. Co., 149 Fed. 354, 357, 79 C. C. A. 292, 295, this court, speaking by Judge Sanborn, said:

"The difference between a judgment upon an instructed verdict and a judgment of nonsuit is that the former prevents, while the latter permits, the maintenance of another action for the same cause. When the evidence was closed in the suit before us, each party had established rights in the trial of this action. The plaintiff had the right to elect whether he would take a nonsuit (section 639, Rev. St. Mo. 1899; Chicago, M. & St. P. Ry. Co. v. Metalstaff, 41 C. C. A. 669, 101 Fed. 769), or would submit the whole cause upon the motion to instruct, and endeavor to secure a verdict in his favor. The defendant had a right to elect whether it would endeavor to obtain a nonsuit or a verdict on the merits in its favor. It chose the latter alternative, and moved the court for a directed verdict. This motion the plaintiff opposed, and submitted the cause to the court for decision. The court granted the motion, and the plaintiff excepted. He then had the right to elect whether he would take a nonsuit, and bring another action on the same cause, or would take a verdict against himself, and secure a review of the rulings of the court by a writ of error. He chose the former remedy. He moved the court for leave to take an involuntary nonsuit. The parties then stood in this situation: The defendant asked and pressed for an instructed verdict, and thereby necessarily objected to the nonsuit, which gave the plaintiff an opportunity to bring another action. The plaintiff prayed for the nonsuit, and thereby necessarily objected to the instructed verdict and to a judgment which would prevent his maintenance of another action. The court granted the request of the plaintiff, and denied that of the defendant. Plaintiff thereby secured his right to maintain his action for the same cause, and the defendant lost the judgment in its favor and the entire benefit of a trial in which it had succeeded."

By these decisions this court is committed to the rule that, by the conformity act of Congress (section 914, Rev. St. [U. S. Comp. St. 1901, p. 684]), it will follow the established practice of the state court with respect to the right of a party to take a nonsuit. Such, also, is the holding in the Seventh Circuit. Meyer v. National Biscuit Co., 168 Fed. 906, 94 C. C. A. 335. As bearing upon the same question, see Gardner v. Michigan Central R. R. Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107, and cases cited.

As the case had not been finally submitted to the court or jury, plaintiffs were entitled to take a nonsuit, and the judgment is affirmed.

SANBORN, Circuit Judge (dissenting). The decision of the majority in this case is not in accord with my opinion concerning it,

which will be briefly stated. Under the decision in this case by this court, which is found in 160 Fed. 382, 87 C. C. A. 334, the insurance company had the legal right to a final judgment on the merits in its favor when it moved for judgment on the pleadings after the return of the case to the Circuit Court. That court erroneously denied that motion, and the company excepted to its ruling on April 20, 1909. The moment that exception had been taken, this court acquired appellate jurisdiction to review and correct the error of that ruling, and to command the rendition of the judgment on the merits, to which the company had the legal right. Neither the statutes of the states, nor the practice of the state courts, nor any act of the plaintiffs below, could deprive this court of the power, or relieve it of the duty, to correct that error at the suit of the party aggrieved. Barber Asphalt Paving Company v. Morris, 132 Fed. 945, 953–955, 66 C. C. A. 55, 63–65, 67 L. R. A. 761, and cases there cited.

The act of conformity and the statutes and the practice of the states do not prescribe or limit the jurisdiction of the federal appellate courts, nor do they govern the proceedings for a review of the rulings of the national trial courts. The power and practice of the national appellate courts are derived exclusively from the Constitution, the acts of Congress, the ancient English statutes, and the rules and practice of the courts of the United States, and this practice may neither be extended nor contracted, controlled nor affected, by the statutes of the states or the practice of their courts. Francisco v. Chicago & A. R. Co., 149 Fed. 354, 358, 359, 79 C. C. A. 292, 296, 297; Chateaugay Iron Co., Petitioner, 128 U. S. 544, 554, 9 Sup. Ct. 150, 32 L. Ed. 508; Hudson v. Parker, 156 U. S. 277, 281, 15 Sup. Ct. 450, 39 L. Ed. 424; City of Manning v. German Ins. Co., 107 Fed. 53, 55, 57, 46 C. C. A. 144, 146, 148; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 235, 111 Fed. 81, 87; Louisville & N. Ry. Co. v. White, 40 C. C. A. 352, 356, 100 Fed. 239, 243; West v. East Coast Cedar Co., 51 C. C. A. 411, 415, 113 Fed. 737, 741; St. Clair v. United States, 154 U. S. 134, 153, 14 Sup. Ct. 1002, 38 L. Ed. 936; Boogher v. Insurance Company, 103 U. S. 90, 95, 26 L. Ed. 310; Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8, 34 L. Ed. 585; Kentucky Life, Acc. & Ins. Co. v. Hamilton, 63 Fed. 93, 98, 11 C. C. A. 42, 47; Elder v. McClaskey, 17 C. C. A. 259, 278, 70 Fed. 529, 556; Ghost v. United States, 168 Fed. 841, 843, 94 C. C. A. 253, 255. In the opinions of the courts cited by the majority there is no discussion or consideration of the right of a plaintiff, who has succeeded on the trial of an issue of law upon the hearing of a demurrer or upon a motion for judgment which challenges his whole case, to deprive the defendant of the right to a correction of an erroneous ruling upon this trial by dismissing his case without prejudice weeks afterwards. The plaintiffs did not dismiss their case when the motion for judgment was made or when it was decided, or when an exception to the decision was taken on April 20, 1909, but they subsequently stipulated to try it by the court, and continued to prosecute it until June 15, 1909, when they first made their motion to dismiss.

The insurance company was granted by act of Congress the right to the review and correction by this court of the error of law committed by the Circuit Court when that court denied its motion for judgment on the pleadings, and neither the statute of Missouri cited by the majority, nor the decisions of the courts of that state, could deprive the insurance company of that right. Hence, that statute and the proceedings in this case between April 20, 1909, when the exception to the ruling denying the motion was taken, and June 15, 1909, when the motion for dismissal was first made, and the final erroneous judgment of dismissal without prejudice to another action was rendered, are in my opinion, irrelevant to the issue in this case. But, even if they are material, the result should not in my opinion be different. The Missouri statute permits a plaintiff to dismiss his suit only before the same is "finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards." The hearing and decision of a motion for judgment on the pleadings, to the granting of which the moving party has a right, is a trial of the action upon a question of law and a final submission of it to the court; and after the decision of this question of law and an exception, which gives the appellate court jurisdiction to review that decision, it is too late, even if the statute applies to the case, to revoke the submission or to divest the appellate court of that jurisdiction. State v. Court, 32 Mont. 37, 79 Pac. 546, 547, 549; Babbitt v. Clark, 103 U. S. 606, 26 L. Ed. 507; Alley v. Nott, 111 U. S. 472, 475, 4 Sup. Ct. 495, 28 L. Ed. 491; Laidly v. Huntington, 121 U. S. 179, 181, 7 Sup. Ct. 855, 30 L. Ed. 883; State v. Scott, 22 Neb. 628, 36 N. W. 121; Lookout Mountain R. Co. v. Houston & Co. (C. C.) 32 Fed. 711; Goldtree v. Spreckles, 135 Cal. 666, 67 Pac. 1091; Beaumont v. Herrick, 24 Ohio St. 445. A like rule prevails in chancery. Daniell's Chancery (5th Ed.) 790. The judgment below in my opinion should be reversed, and a judgment in favor of the insurance company on the merits should be directed.