KNIGHT v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Sixth Circuit. July 13, 1910.)

No. 2,032.

1. EXCEPTIONS, BILL OF (§ 56*)—REQUISITES—SIGNATURE BY JUDGE.

A bill of exceptions not actually signed by the trial judge must be disregarded.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 94–96; Dec. Dig. § 56.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** APPEAL AND ERROR (§ 547*)—REVIEW—INSUFFICIENT BILLS OF EXCEPTIONS.

Assignments of error to peremptory instructions, and alleged misinstructions, and that the verdict and judgment are against the law and the evidence, are not reviewable, where there is no sufficient bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427–2432; Dec. Dig. § 547.*]

**3.** COURTS (§ 352*)—FEDERAL PRACTICE—CONFORMITY TO STATE PRACTICE—TRIAL.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty, to conform to the state practice, does not apply to the personal conduct and administration of the judge in discharging his separate functions; and hence state statutes and constitutions forbidding judges in instructing to express an opinion on the facts do not bind federal courts, nor does the statute apply to provisions requiring written instructions to be taken by the jury on retiring or permitting papers read in evidence to be taken by them or requiring written instructions, or forbidding separation of the jury, or requiring exceptions to the charge to be made before the jury retires.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. § 352.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hale, 27 C. C. A. 392.]

**4.** COURTS (§ 353*)—FEDERAL PRACTICE—CONFORMITY TO STATE—PRACTICE.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty to conform to the state practice, does not apply to motions for new trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 933; Dec. Dig. § 353.*]

**5.** COURTS (§ 356*)—FEDERAL PRACTICE—CONFORMITY TO STATE PRACTICE—REVIEW.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty, to conform to the state practice, does not apply to bills of exceptions and proceedings on review.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356;* Appeal and Error, Cent. Dig. § 3397.]

**6.** COURTS (§ 347*)—FEDERAL PRACTICE—CONFORMITY TO STATE PRACTICE—PLEADINGS.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty. to conform to the state practice, applies to pleadings.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

**7.** COURTS (§ 352*)—FEDERAL PRACTICE—CONFORMITY TO STATE PRACTICE—VERDICT.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty, to conform to the state practice, applies to the form and effect of verdicts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. § 352.*]

**8.** COURTS (§ 354*)—FEDERAL PRACTICE—CONFORMITY TO STATE PRACTICE—JUDGMENT.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty to conform to the state practice, applies to the mode of entering and re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cording judgments, including provisions for entering judgments against one or more defendants.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 934; Dec. Dig. § 354.*]

9. COURTS (§ 352*)—FEDERAL PRACTICE—CONFORMITY TO STATE PRACTICE—TRIAL.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty, to conform to the state practice, applies to Civ. Code Prac. Ky. § 271, permitting a plaintiff to dismiss without prejudice before final submission of the case to the jury.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. § 352.*]

10. DISMISSAL AND NONSUIT (§ 7*)—RIGHT TO VOLUNTARY NONSUIT.

Under Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring civil procedure in the federal Circuit and District Courts, except in equity and admiralty, to conform to the state practice, and under Civ. Code Prac. Ky. § 371, permitting a plaintiff to dismiss without prejudice before final submission of the case to the jury, it was error to refuse to allow plaintiff to dismiss without prejudice before peremptory instruction for defendant, though motion was made after the judge stated he would sustain defendant's motion for verdict.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 15–19, 22; Dec. Dig. § 7.*]

11. APPEAL AND ERROR (§ 1177*)—DISPOSITION—NEW TRIAL.

Reversal of judgment for defendant on a directed verdict for error in refusing to allow plaintiff to dismiss without prejudice does not require a new trial, but merely a direction to sustain the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

In Error to the Circuit Court of the United States for the Western District of Kentucky.

Action by Henry Knight, Wright Knight's administrator, against the Illinois Central Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

J. B. Wickliffe, for plaintiff in error.

Attilla Cox, for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and McCALL, District Judge.

KNAPPEN, Circuit Judge. The plaintiff brought suit in the circuit court for Ballard county, Ky., against the defendant above named and the Chicago, St. Louis & New Orleans Railroad Company for the recovery of damages by reason of the alleged negligent killing of the decedent by the defendant companies. The Illinois Central Railroad Company removed the case to the United States court on the ground of diversity of citizenship of the parties. At the close of the evidence the trial judge directed a verdict for defendant and judgment was entered thereon.

We are asked to consider assignments of error which complain of the propriety of giving peremptory instructions and alleged misinstructions as to the law of the case; also upon the proposition that the verdict and judgment are contrary to the law and evidence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The transcript contains no bill of exceptions. There is sent up a document certified by the official stenographer to be a correct copy "of all the evidence introduced and heard, and offered to be introduced and rejected, and all the exceptions, objections, and avowals, concerning the same, as well as all papers and exhibits offered to be or used as evidence in the trial." This paper is not signed by the judge, nor is it in any way authenticated by him. A bill of exceptions not actually signed by the judge must be disregarded. U. S. Rev. St. § 953 (U. S. Comp. St. 1901, p. 696); Origet v. United States, 125 U. S. 240, 243, 244, 8 Sup. Ct. 846, 31 L. Ed. 743; Malony v. Adsit, 175 U. S. 281, 284, 20 Sup. Ct. 115, 44 L. Ed. 163; Oxford & Coast Line R. Co. v. Union Bank (4th Circuit) 153 Fed. 723, 82 C. C. A. 609. We must therefore disregard the assignments of error referred to.

The judgment entered, however, shows that at the conclusion of the evidence the defendant moved that the jury be instructed to find for the defendant; that the court thereupon excused the jury until the following morning, meanwhile hearing argument upon the motion, and at its conclusion announced to the attorneys "upon the reasons then stated that he would sustain the motion, and that the jury would be directed to find for the defendant upon the convening of court to-morrow"; that on the opening of court the next day, before the jury had been instructed, the plaintiff moved to dismiss the case without prejudice; that the defendant's objection to such action was sustained and the jury instructed to find for the defendant, a verdict accordingly being rendered and judgment entered thereon. The propriety of the court's refusal to permit the plaintiff to submit to nonsuit is, in view of the state of the record, the only question presented for our decision.

The judgment entered shows that the court refused the motion to dismiss because "of the opinion that it would be unjust at this stage to do otherwise." The Kentucky Civil Code of Practice (section 371) provides that the plaintiff may dismiss an action without prejudice to a future action "before final submission of the case to the jury." The Court of Appeals of Kentucky, construing this statute, has held that after the court has sustained a motion by defendant for a peremptory instruction to the jury, but before such an instruction has been given, the plaintiff has a right to dismiss his action without prejudice, upon the ground that there has been at that time no "final submission" of the case to the jury, within the meaning of the Code provision referred to. Vertrees' Adm'r v. Newport News, etc., R. R. Co., 95 Ky. 314, 25 S. W. 1. If this statute is binding upon the federal court, it is clear that error was committed in refusing to allow the plaintiff to dismiss.

Section 914 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 684) requires that:

"The practice, pleadings, and forms and mode of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

The personal conduct and administration of the judge in the discharge of his separate functions is not within the meaning of this statute; hence state statutes and state constitutions forbidding judges in charging juries to express an opinion upon the facts are not binding on the federal courts (Railroad Co. v. Putnam, 118 U. S. 545, 553, 7 Sup. Ct. 1, 30 L. Ed. 257; Railway Co. v. Vickers, 122 U. S. 360, 7 Sup. Ct. 1216, 30 L. Ed. 1161); nor are state statutes providing that written instructions shall be taken by the jury in their retirement, and that papers read in evidence may be taken by them (Nudd v. Burrows, 91 U. S. 426, 23 L. Ed. 286); nor provisions that the judge require the jury to find specially upon particular questions of facts (Railroad Co. v. Horst, 93 U. S. 291, 299, 23 L. Ed. 898; McElwee v. Metropolitan Lumber Co. [6th Circuit] 69 Fed. 302, 319, 16 C. C. A. 232); nor statutes requiring that all instructions of the court to the jury shall be in writing (Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224); nor does the statute require the federal court to follow a state practice forbidding the separation of a jury after charge given and before verdict rendered (Liverpool & L. & G. Ins. Co. v. Friedman [6th Circuit] 133 Fed. 713, 716, 66 C. C. A. 543); nor is a state statute dispensing with the requirement that exceptions to the charge be made while the jury is at the bar, and before it retires, binding upon the federal courts (Consumers' Cotton Oil Co. v. Ashburn [5th Circuit] 81 Fed. 331, 333, 26 C. C. A. 436). In regard to motions for a new trial, bills of exceptions, and proceedings on review, the courts of the United States are independent of any statute or practice prevailing in the courts of the state in which the trial is had. Missouri Pacific Ry. Co. v. Chicago & Alton R. R. Co., 132 U. S. 191, 10 Sup. Ct. 65, 33 L. Ed. 309; Francisco v. Chicago & Alton R. R. Co. (8th Circuit) 149 Fed. 354, 79 C. C. A. 292; Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 544, 553, 9 Sup. Ct. 150, 32 L. Ed. 508.

On the other hand, as to the sufficiency and scope of pleadings and the form and effect of verdicts in actions at law, the federal courts are bound by the state practice (Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Glenn v. Sumner, 132 U. S. 152, 156, 10 Sup. Ct. 41, 33 L. Ed. 301); so also as to the mode of entering and recording of judgments, including provisions for entering judgments against one or more defendants (Sawin v. Kenny, 93 U. S. 289, 23 L. Ed. 926). In Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 24, 29, 39, 11 Sup. Ct. 478, 481 (35 L. Ed. 55) it was held that "whether a defendant in an action at law may present in the one form or in the other, or by demurrer to the evidence, his defense that the plaintiff, upon his own case, shows no cause of action, is a question of 'practice, pleadings, and forms and modes of proceeding' as to which the courts of the United States" are required to conform as near as may be to those existing in the courts of the state within which the trial is had, and that a judgment of compulsory nonsuit entered by a federal court in Pennsylvania in conformity to state practice is reviewable on writ of error, notwithstanding the rule that a federal court has no power to order a nonsuit without the plaintiff's acquiescence. See, also, Coughran v. Bigelow, 164 U. S. 301, 308, 17 Sup. Ct. 117, 41 L. Ed. 442;

Fadley v. B. & O. R. R. Co. (3d Circuit) 153 Fed. 514, 517, 82 C. C. A. 464. In Fries-Breslin Co. v. Bergen (C. C.) 168 Fed. 360, it was held that the Pennsylvania practice act, which provides that, upon the granting of a new trial in a case where peremptory instructions have been reserved or declined, the court shall enter such judgment non obstante veredicto as should have been entered upon the evidence, is binding upon the federal courts sitting within that state.

Decisions upon the precise question presented here are not numerous, nor are they harmonious. The United States Circuit Court of Appeals of the Fourth Circuit has in two cases held that the state practice prevailing in North Carolina, permitting a plaintiff to submit to nonsuit after the conclusion of the evidence and after a motion by defendant for direction of verdict had been submitted and sustained, is not binding upon the federal courts. Huntt v. McNamee, 141 Fed. 293, 72 C. C. A. 441; Parks v. Southern Ry. Co., 143 Fed. 276, 74 C. C. A. 414. The Courts of Appeals of the Seventh and Eighth Circuits have held the contrary. Thus, a statute of Illinois that "every person desirous of suffering a nonsuit on trial shall be barred therefrom unless he do so before the jury retire from the bar" has been held binding upon the federal courts sitting within that state, and to require the permitting of nonsuit even after the announcement of the judge's decision sustaining the motion for a directed verdict for the defendant. Wolcott v. Studebaker (C. C.) 34 Fed. 8, 13; Drummond v. L. & N. R. Co. (C. C.) 109 Fed. 531; Meyer v. National Biscuit Co. (7th Circuit) 168 Fed. 906, 94 C. C. A. 335. In Gassman v. Jarvis (C. C.) 94 Fed. 603, a similar holding was made under a statute of Indiana permitting the plaintiff to dismiss "before the jury retires." In Chicago, M. & St. P. R. Co. v. Metalstaff (8th Circuit) 101 Fed. 769, 41 C. C. A. 669, it was held in an opinion by Judge Thayer that the federal courts sitting in Missouri were bound by the statute of that state which, as construed by the state courts, permitted the plaintiff to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury. The same rule was applied by Judge McPherson with respect to a statute of Iowa permitting a dismissal by the plaintiff "before the final submission of the case to the jury." Duffy v. Glucose Sugar Refining Co. (C. C.) 141 Fed. 206. The decisions in the Fourth Circuit, with respect to the North Carolina practice, are possibly distinguishable from those in the Seventh and Eighth Circuits, under the statutes of Illinois, Indiana, Iowa, and Missouri, in that the North Carolina practice is not based upon statute, but apparently upon construction of common-law rules. Pescud v. Hawkins, 71 N. C. 299. There is authority for the proposition that a federal court is not required by section 914 of the Revised Statutes of the United States to follow a state practice which is not statutory, but was established by a decision of the state Supreme Court as the proper mode of procedure under the common law. Wall v. Chesapeake & Ohio R. Co. (7th Circuit) 95 Fed. 398, 402, 37 C. C. A. 129; Sanford v. Town of Portsmouth, Fed. Cas. No. 12,315, decided in the Eastern District of Michigan by Judge (later Mr. Justice) Brown.

The question is not free from difficulty. We are impressed, how-

ever, with the view that the Kentucky statute does not relate merely to the personal conduct and administration of the judge in the discharge of his separate functions, but confers a substantial right and prescribes a practice and mode of proceeding which under the federal statute is binding upon the courts of the United States sitting within that state. This view seems especially appropriate as applied to a case where, as here, the plaintiff brought his suit in the state court. The conclusions we have reached require a reversal of the judgment. The practice, however, does not require a new trial, but only a direction that upon the setting aside of the judgment the plaintiff's motion to dismiss without prejudice be sustained. Vertrees v. Newport News, etc., R. R. Co., 95 Ky. 318, 25 S. W. 1; Francisco v. Chicago & Alton Ry. Co. (8th Circuit) 149 Fed. 354, 360, 79 C. C. A. 292. The plaintiff will recover the costs of this court, the defendant those of the court below.